By the Court.
 

 The amended petition contains the averment that said defendant “carelessly, negligently, wilfully and wantonly” maintained an uninsulated wire eighteen inches to two feet above the ground on defendant’s right of way and over and across said pathway for a distance of approximately one thousand feet in each direction from said path and said culvert.
 

 The trial court required the plaintiff below to elect whether he would proceed upon negligence or wantonness. Electing to proceed upon negligence, the plaintiff was deprived of the privilege of going to the jury upon the question of whether the defendant was guilty of wantonness in the manner of maintaining its high-tension wire, which would be the basis of plaintiff’s recovery if the boy was a trespasser; for even if he was a trespasser, the company owed him the duty not to wantonly injure him.
 

 The charge confines the recovery, if any, to finding that the boy was strictly upon the so-called path as a licensee, and denies recovery if he was on the right of way outside the so-called path as a trespasser. While the amended petition avers the boy was' a
 
 *255
 
 pedestrian on the path, yet if the plaintiff failed to prove the existence of the path he might still show he was on the defendant’s right of way even as a trespasser, and the averments of the amended petition were sufficiently broad to allow a recovery as a trespasser if there was wantonness shown by the preponderance of the evidence in the manner of maintaining the wire on the defendant’s right of way, which proximately caused the boy’s injury.
 

 The so-called two-issue rule was not applicable in the premises, for only one issue was submitted to the jury, to wit, the liability arising from simple negligence if the minor was a licensee. The other issue, that of wantonness, as claimed by the plaintiff in error to be shown by the circumstances and conditions surrounding the accident, and in the manner of maintaining its high-tension wire, applicable if the boy was only a trespasser, was not submitted to the jury.
 

 •For error in requiring the election and because of the instruction that if the boy was a trespasser the company owed him no duty, the judgments of the courts below are reversed and the cause remanded for further proceedings according to law.
 

 Judgment reversed.
 

 Marshall, C. J., Matthias, Day, Aleen and Robinson, JJ., concur.