Matthias, J.
The single question of law presented, as stated by the defendant, is: “Does an amendment to a petition sounding in negligence which adds allegations of wilful and wanton misconduct introduce a new and different cause of action, so that it is not permissible after the running of the applicable statute of limitations?”
*162 Section 11363, General Code, provides as follows:
“Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not substantially change the claim or defense, by conforming the pleading or proceeding to the facts proved. When an action or proceeding fails to conform to the provisions of this title, the court may permit either to be made conformable thereto, by amendment. ’ ’
The contention of the defendant is that negligence, wilfulness and wantonness being productive of different legal consequences are inconsistent, and, therefore, the amendment of a petition, seeking to recover damages on the ground of negligence, by averments that the operative acts stated in the petition were wilfully, wantonly, purposely and intentionally done states a new and different cause of action and is not authorized by the provisions of Section 11363, General Code.
This court had before it substantially the same question in the case of Schweinfurth, Admr., v. C., C., C. & St. L. Ry. Co., 60 Ohio St., 215, 54 N. E., 89. The action in that case was brought to recover damages for the death of plaintiff’s intestate, which it was alleged was caused by the wrongful acts, negligence and default of the defendant railroad company.
It was alleged in the petition that the death was caused when the defendant “recklessly, carelessly, wantonly and wilfully” struck the decedent at a railroad crossing. The defendant Urged that by the joinder of the allegations of negligence and wilful mis *163 conduct two causes of action were stated and that the court erred when it overruled the defendant’s motion to require plaintiff to elect between such allegedly inconsistent . causes of action. In reversing the judgment of the Circuit Court and affirming the judgment of the Court of Common Pleas, this court held as follows in the syllabus:
“A petition in such an action which states all the material facts of the transaction or occurrence resulting in the person’s death contains but one cause of action, though they comprise a number of co-operating acts and omissions, some of which were wilful or intentional, and others the negligent failure to observe proper care.”
The following language from the opinion by Williams, J., is pertinent:
“It is urged, however, with much earnestness, that the correct judgment was rendered, because several other errors assigned required the reversal. We will notice but two of them, as they seem to be most relied upon. One is, that the court erred in overruling a motion made by the defendant to compel plaintiff to elect between inconsistent causes of action. This motion appears to be based upon the evident misconception that the petition states two causes of action — one for purposely causing the death of Blum, and the other for causing it by negligence. The statute (Section 6134) gives the right of action against one who (in its language) ‘by wrongful act, neglect or default,’ causes the death of another, etc. The transaction or occurrence resulting in the death may consist of a number of co-operating acts and omissions, some of which may be wilful or intentional, and others merely failures to observe the necessary care; and a plaintiff cannot be required to arrange the facts into these different classes, and plead each as a separate cause of action. *164 Good pleading requires that he shall state as one cause of action all of the material facts of such wrongful act, neglect, and default, whether they were wilful, or negligent only, or whether they consist in part of wrongful acts purposely done, and in part in the neglect or default of the defendant; and he may recover upon sufficient proof of either, or of all combined. ’ ’
We cannot agree with defendant’s contention that the decision of this court in the case of Vasu v. Kohlers, Inc., 145 Ohio St., 321, 61 N. E. (2d), 707, 166 A. L. R., 855, or in the case of Universal Concrete Pipe Co. v. Bassett, 130 Ohio St., 567, 200 N. E., 843, 119 A. L. R., 646, has in any respect overruled or modified the decision in the Schweinfurth case, supra.
In the Vasu case, supra, by reason of a contract of subrogation, an insurance company, as assignee, brought an action to recover the amount of money.it paid to Vasu for damages to his automobile occasioned by a collision with a truck owned by the defendant. In that action judgment was rendered for the defendant. Thereafter Vasu brought an action against the same defendant to recover for personal injuries suffered in the same collision. It was urged upon this court in that case that a single cause of action had arisen from the plaintiff’s injuries to his person and to his automobile ; that such cause of action could not be divided; and that when judgment was rendered for the defendant in the action to recover for the damages to the automobile, that judgment was res judicata in the subsequent action brought by Vasu to recover for his personal injuries.
The question involved in the Vasu case, supra, differs materially from the question presented in this case. In that case there were two separate and distinct causes of action based upon two separate claims for damages.
*165 It is stated in the opinion in that ease that two distinct rights — the right of personal security and the right of property — were invaded which gave rise to two remedial rights, and that different rules of damage governed the measure of recovery.
This court held in the syllabus as follows:
“Injuries to both person and property suffered by the same person as a result of the same wrongful act are infringements of different rights and give rise to distinct causes of action, with the result that the recovery or denial of recovery of compensation for damages to the property is no bar to an action subsequently prosecuted for the personal injury, unless by an adverse judgment in the first action issues are determined against the plaintiff which operate as an estoppel against him in the second action.”
We find nothing in the Universal Concrete Pipe Co. case, supra, which in any way modifies the Schweinfurth case, supra.
The liberal policy announced by Section 11363, General Code, is summarized as follows in 31 Ohio Jurisprudence, 915, Section 319:
“Generally speaking, amendments to pleadings are liberally allowed in the furtherance of justice. In Ohio, in a certain limited field, a party has the right to amend as of course, and probably no state goes farther in permitting amendments, in the discretion of the court, at any and all stages of an action, and even after verdict and judgment, thus allowing the court a very large discretion in shaping the proceedings to subserve the ends of justice, by correcting mistakes in a proceeding. The whole theory of the Ohio practice is founded upon the leading idea that the action, once pending, shall not be permitted to fail if by amendment any defects in pleading can be remedied. Hence, liberal permission is given to either *166 party to change the allegations in the petition or answer, and to alter or redress the framework of both or either, so as to present the true cause of action, and correct all errors, while the parties are in court, and the courts are liberal in allowing amendment, on motion of either party, in order to have substantial justice done.” See, also, 173 A. L. R., 1231.
There are many instances of the application of the rule of liberality in the allowing of amendments to pleadings under our statutes, among which instances are the following:
In the case of Jurrus, a Minor, v. Toledo, Fostoria & Findlay Electric Ry. Co., 124 Ohio St., 251, 177 N. E., 585, the petition contained an averment that the defendant “carelessly, negligently, wilfully and wantonly constructed” and maintained an uninsulated electric wire with high voltage about two feet from the ground on defendant’s right of way and across a pathway; and that the plaintiff suffered injuries when he came in contact with the wire which was charged with an electric current of high voltage.
The trial court required the plaintiff to elect between the claim of negligence and the claim of wantonness. The judgment in favor of the defendant was affirmed by the Court of Appeals but was reversed by this court on the ground that plaintiff could proceed upon the claim as made in the petition, and that it was error to require an election.
The case of Louisville & Nashville Rd. Co. v. Greene, Admx., 113 Ohio St., 546, 149 N. E., 876, was an action for wrongful death resulting from injuries sustained in the state of Kentucky. The plaintiff failed to plead the Kentucky statute authorizing recovery. An amendment so pleading was permitted subsequent to the expiration of the statutory period of limitation for such action.
*167 The court held that “such amendment relates back to the time of the commencement of the action.”
The case of Douglas, Admx., v. Daniels Bros. Coal Co., 135 Ohio St., 641, 22 N. E. (2d), 195, was an action for damages for wrongful death. The petition alleged appointment of the widow as administratrix, although in fact such appointment had not been made. That fact was discovered after the expiration of the time limited for the action. Appointment was then made and an amendment of the petition, stating the date of the appointment, was permitted and approved by this court, it being stated in the syllabus that “the amended petition will relate back to the date of the filing of the petition, and the action will be deemed commenced within the time limited by statute.”
The case of Moherman v. Nickels, 140 Ohio St., 450, 45 N. E. (2d), 405, was an action brought against two named individuals to recover damages for personal injuries. One of the defendants, after being served with summons, was later dismissed.
This court held that an amendment of the petition, reinstating such defendant as a party, might be made after the expiration of the period within which the action might be brought, even though it residted in making the party complaining the sole defendant in the action; and that such amendment related back to the time the action was commenced.
In the case of Brown v. Cleveland Baseball Co., ante, 1, the petition alleged negligence of the defendant in the construction of bleacher seats in the fall of which the plaintiff was injured. After the expiration of the statutory period of limitation an amendment was permitted and approved by this court substituting an allegation that defendant’s negligence was in failing to supervise the construction of such bleacher seats by another.
*168 We conclude, therefore, that an amendment of a petition alleging negligent injury of the plaintiff by the defendant by adding thereto allegations characterizing such injury as wilful or intentional does not have the effect of stating an additional cause of action; that such amendment may be made in the interest of justice after the expiration of the time limited for the prosecution of such an action; and that such amendment relates back to the time when the action was commenced.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Stewart, Taft and Hart, JJ., concur.
Middleton, J., concurs in paragraph one of the syllabus but dissents from the judgment.