By the Court.
 

 This action is one in damages for personal injuries brought in the court of common pleas by Maud Neckel against Alice Fox. The plaintiff alleged that the defendant was the owner of and had control over certain premises in the city of Cincinnati, Ohio; that she (plaintiff), while visiting a tenant who occupied property of the defendant, and while crossing the porch on the premises, fell through the flooring of the porch, which was in a rotten, worn, and defective condition. The defendant answered, and, though admitting the ownership of the property, denied generally the other allegations of the petition. The answer also set up contributory negligence, which was denied by the reply.
 

 Upon the trial plaintiff’s counsel made a statement to the jury of facts which they expected to prove. This statement was not lengthy. Counsel stated the plaintiff went to visit a tenant who had
 
 *151
 
 been occupying the bouse of tbe defendant continuously for some five or six years and described tbe character of tbe porch and building, stating that tbe former was rotten and unsafe, and that because of that condition plaintiff, upon leaving tbe dwelling, stepped upon and fell through tbe porch, and was seriously injured. Counsel in their statement made tbe following declaration: That tbe evidence would further show that tbe defendant and her husband “were in full possession of said premises and * * * bad and retained the right to make any repairs to any defects that were in said building and porch.” Counsel for plaintiff closed their statement with a description in detail of tbe character of tbe injuries. Whereupon counsel for defendant by motion asked tbe court to direct tbe jury to return a verdict in favor of tbe defendant upon tbe statement so made.
 

 Prior to ruling upon tbe motion tbe trial judge asked counsel for plaintiff if they desired to add anything to their statement, and received a reply in tbe negative. Whereupon tbe trial court sustained tbe motion of tbe defendant and instructed tbe jury to return a verdict in tbe defendant’s favor. This tbe jury did. A judgment on tbe verdict was affirmed by tbe Court of Appeals, whereupon plaintiff below brought her action in this court seeking a reversal.
 

 Counsel for both sides rely upon certain former decisions of this court relating to tbe liability of a landlord to bis tenant, and it is especially urged by counsel for plaintiff in error that this court should now clarify tbe rule, particularly as it ap plies to tbe liability of a landlord to one who visits
 
 *152
 
 his tenant. The cases relied upon are
 
 Burdick v. Cheadle,
 
 26 Ohio St., 393, 20 Am. Rep., 767;
 
 Shindelbeck
 
 v.
 
 Moon,
 
 32 Ohio St., 264, 30 Am. Rep., 584, and
 
 Stackhouse
 
 v.
 
 Close,
 
 83 Ohio St., 339, 94 N. E., 746. However, under the state of facts presented by this record, it is impossible to announce any decision that would be satisfactory to the court or of advantage to the bar.
 

 The facts which counsel for plaintiff offered to prove were too meagerly stated and were very uncertain in vital respects. Counsel stated that the defendant was “in full possession of said premises,” and had and retained the right to make any repairs to any defects that were in said porch. This court is not disposed to give too rigid a construction to the terms employed in the statement by counsel for plaintiff. We are not now advised as to the specific character of the possession which the owner had of the property occupied by the tenant, nor how or by what terms the owner had or retained the right to make repairs to this defective porch, and are of the opinion, in the absence of a motion to make either the petition or statement more definite and certain, and giving plaintiff a reasonable and liberal construction to the statement of her counsel, that plaintiff was entitled to offer proof touching the quality of the owner’s possession, together with the character of the agreement, if any, under which the owner retained the right to make repairs. In any event, this court finds itself unable’ to make any satisfactory ruling upon the facts stated in the record.
 

 The judgments of the lower courts are reversed,
 
 *153
 
 and the cause remanded to the trial court for further proceedings according to law.
 

 Judgment reversed.
 

 Marshall, O. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.
 

 Wanamaker, J., not participating.