GOODMAN, A MINOR, v. THE ROYAL INDEMNITY CO.
ET AL.

*Insurance—Automobile personal liability—Recovery lies on oral contract dated prior to accident—Without instituting action to reform written contract dated after accident—Policy merely evidence of terms of contract—Assured may show circumstances bearing upon mutual assent—Proof of oral contract not precluded by reference to written policy —Petition based on executed contract and not agreement to issue policy—Opening statement of case by counsel liberally construed.*

1. Where petition and opening statement of plaintiff's counsel showed that suit under Sections 9510-3 and 9510-4, General Code, against insurance company was brought on oral contract insuring against personal injuries dated prior to date of accident, and not on written contract dated subsequent to injuries, it was not necessary for plaintiff to bring suit to reform written policy before recovery could be had, notwithstanding reference to policy in opening statement made to show terms of oral contract.

2. Assured can recover from an insurance company on an oral contract insuring against personal injuries, since policy itself is merely evidence of terms of contract.

3. Assured under oral contract insuring against personal injuries may show all words, acts, and circumstances bearing on mutual assent, and right to recover thereunder is absolute.

4. Right to prove oral contract insuring against personal injuries cannot be denied merely because plaintiff in opening statement referred to written policy dated subsequent to accident which might be admissible as evidence of terms of oral contract.

5. Petition on oral contract insuring against personal injuries, alleging that on date of accident plaintiff was insured in defendant company, is based on consummated contract, not on agreement to issue policy, and plaintiff could recover if proof was clear and convincing that contract was executed.

6. Where question of error is decided by character of open-

ing statement, in addition to pleading, reviewing court will liberally construe opening statement, to entitle plaintiff to offer proof, in absence of motion to make petition or statement more definite.

(Decided January 24, 1927.)

Error: Court of Appeals for Cuyahoga county.

*Mr. Paul A. Howland* and *Messrs. Bloomberg & Wolf*, for plaintiff in error.
*Mr. John H. McNeal*, for defendants in error.

Sullivan, J. The question to be determined in this lawsuit is whether the common pleas court of Cuyahoga county committed prejudicial error in directing a verdict for the defendants, upon motion at the conclusion of the statement of counsel for plaintiff, one Sam Goodman, a minor, by Joseph Goodman, his next friend. In connection with the statement of counsel, the petition of plaintiff was considered in determining the merits of the motion to direct.

The issues have their source in an automobile accident happening June 13, 1922, wherein plaintiff in error recovered a judgment of some $7,000, on account of personal injuries, against the defendant in error Eli A. Tischman, the owner of the automobile. Subsequent to this action, under favor of Sections 9510-3 and 9510-4 of the General Code, the instant action was commenced to recover the judgment from the Royal Indemnity Company.

The procedure based upon the statutes raises no issue necessary to consider in determining the question of error arising out of the granting of the motion to direct a verdict in favor of the defendants.

The basis of the motion is the assertion that under the petition and the opening statement the plaintiff is seeking to recover upon a policy of insurance, which is dated subsequent to the casualty, without prior proceedings to reform the contract, so that it will comply with the terms of the contract of insurance as outlined by the plaintiff in the pleading and opening statement.

The authorities cited by able counsel for defendant in error to the effect that reformation is necessary before suit for recovery upon the contract can be filed undoubtedly state the law, and there can be no contention made with respect to the citations. Those authorities, however, would only apply if the plaintiff was seeking to. recover under the policy, which is dated subsequent to the accident. However, a fair and reasonable construction of plaintiff's case, as it is gathered from the petition and opening statement, compels the opposite view. From a careful examination it appears to us clear that a fair and reasonable construction of plaintiff's case is that he does not sue upon the policy of insurance dated June 22, but sues upon a contract made orally June 3, 1922.

It is a well-settled proposition of law that the assured can recover from an insurance company upon an oral contract, and the reason for this is that the policy itself is merely evidence of the terms of the contract. The assured has a right under a claim of an oral contract to show all the words, acts, and circumstances bearing upon mutual assent, and his right to recover is absolute. This proposition is laid down in *Machine Co.* v. *Insurance Co.*, 50 Ohio St., 549, 35 N. E., 1060, as follows:

"A valid contract of insurance may be made by parol, when not forbidden by statute, or a provision of the company's charter which has been brought to the knowledge of the other contracting party, and, as in other cases of parol contracts, the assent of the parties to the terms of the agreement may be shown by their acts and the attending circumstances, as well as by the words they have employed."

We also quote the language of the court on page 555 of the opinion (35 N. E., 1062):

"It is now well settled that a policy is only evidence of the contract, and the latter may be shown by parol, when the policy has not been written, or is withheld, unless such contract is forbidden by statute, or a provision of the company's charter which is brought to the notice of the other contracting party."

The court cites Ostrander on Insurance (2d Ed.), Sections 13, 14; Richards on Insurance (3d Ed.), Section 140; *Relief Fire Ins. Co. of N. Y.* v. *Shaw,* 94 U. S., 574, 24 L. Ed., 291; *Dayton Ins. Co.* v. *Kelly,* 24 Ohio St., 345, 15 Am. Rep., 612, and also *Palm, Admr.,* v. *Medina County Mutual Fire Ins. Co.,* 20 Ohio, 529, at page 537.

And, as in the other cases of parol contracts, the terms of agreement and the assent of the parties to them may be shown by their acts and the attending circumstances, as well as the words they have employed. Therefore the plaintiff, were he able to sustain his claim by proper proof, could recover his insurance under the contract of June 3, and from the petition and opening statement, notwithstanding reference is made to the policy in the opening statement, it seems clear that the main

purpose of the pleader, not substantially weakened by the opening statement, was to prove an oral contract by showing the acts, circumstances, conduct, and language between the contracting parties, about whom there seems to be no issue. The mere mention of the policy did not destroy the issue of oral contract raised by the pleadings and not departed from by the opening statement. A reference to the policy simply attracted attention to the terms of the contract as claimed by the insurance company, but the plaintiff disavowed such a contract and insisted that the real contract from his standpoint was made orally between the contracting parties June 3, 1922.

It might be that the pleader, in the trial of the case, as evidence of the terms of the contract, might introduce the policy itself as proof of every element of the contract made on June 3, except the date thereof, and as to that question it might become an issue of fact before the jury. The policy itself might not be evidence of all the elements of the oral contract, but, inasmuch as it represents the conduct of the insurance company, whatever portion thereof agreed with the terms of the oral contract might be competent evidence as throwing light upon the question of the date of the contract. However this may be, the plaintiff ought not to be deprived of the right to prove his oral contract simply because the fact was injected into the case that the policy of insurance was dated June 22, instead of June 3, 1922. That would not raise the question of the reformation of a contract, because its introduction merely exposed the fact that the only legal contract, as claimed by the insurance

company, was made June 22, instead of June 3, 1922.

This situation is not akin to a suit for the reformation of a contract, upon which contract plaintiff depended in order to entitle him to recover. The policy was never accepted, and thus the petition, ignoring its existence and effect, depends not upon it, but upon an oral contract made prior thereto. From the very nature of the case the plaintiff of necessity was compelled to seek recovery independent of the terms of the policy, which he repudiated by his nonacceptance thereof; his suit being based upon a theory that ignored the very existence of the policy itself.

If one bears in mind the fact that the plaintiff is suing upon an oral agreement to recover his insurance, we remove the clouds from the issue, because both counsel concede, by the authorities respectively cited, that recovery can be had upon an oral contract, and, if it be borne in mind that the plaintiff is repudiating the contract of June 22, it clearly follows that he is not depending upon its terms for recovery, and therefore has no need for reformation. If he could not recover upon an oral contract the amount of his insurance, then the necessity for reforming the contract would appear; but in the instant case, under the petition and opening statement, the plaintiff was resting upon his right to recover under the oral contract of June 3, and this right could in no manner be infringed upon simply because there was injected in the case a contract of subsequent date in the form of a policy.

The jury were entitled to have all the evidence relating to both transactions submitted to them under proper instructions from the court as to the

question whether the contract, written or oral, was of June 3 or June 22, 1922, not whether any policy had been issued under the contract made orally June 3, 1922, as claimed by the plaintiff. The theory of the plaintiff is that no policy ever was issued responding to the terms of the contract of June 3, 1922. It is true, a policy was issued, but contrary to the terms claimed by the plaintiff in the oral agreement of June 3, 1922. This situation in the record makes inapplicable, in our judgment, such authority cited by able counsel for defendant as *Boldt* v. *Baker,* 13 Ohio App., 125, 31 O. C. A., 369, and other authorities involving the same principle, for the reason that the case must be treated as one wherein no policy was ever issued by the company in accordance with the terms of the oral contract, and any other policy issued relating to an agreement of a subsequent date, vitally at issue with the oral terms, is not a policy issued to respond to the oral agreement of June 3, 1922. This aspect of the record makes inapplicable the authorities cited on the question of reforming the policy.

It must be remembered in this connection that the insurance company itself takes the position that there was no meeting of minds on June 3 as to the essential terms of the policy, and, this being so, the position of the company is that there was no contract of June 3 upon which a policy could be issued, and it issued only upon a contract which it claims was made on June 22.

The petition stands squarely upon a consummated contract, because the allegation is that on June 13, 1922, the date of the casualty, the plaintiff was insured in the defendant company in the sum of $10,000, and therefore the plaintiff's action is

not based upon an agreement to issue a policy, but upon an agreement for insurance that took effect *in praesenti*. In other words, the terms of the contract were executed, instead of being of an executory character, and upon this foundation the petition is based. In other words, the relation of insurer and insured existed, if the theory of the plaintiff is correct, on June 13, 1922, the date of the accident. Under such a claim the plaintiff had a right to recover if the proof was clear and convincing, because that is the degree which is required of this character of evidence. These elements, in addition to the fact that the policy of insurance was refused, instead of unconditionally accepted, make applicable, we think, the principle laid down in the case of *Hartford Fire Insurance Co.* v. *Whitman*, 75 Ohio St., 312, 79 N. E., 459, 9 Ann. Cas., 218, the syllabus of which we quote:

"A parol contract of insurance, as distinguished from a parol agreement to issue a policy, must not be executory, but must take effect *in praesenti*.

"In order to establish the relation of insurer and insured, in parol, as existing before the delivery of the policy, the plaintiff must do so by full and clear proof.

"In the absence of such a stipulation in the application or policy as makes the actual delivery of the policy a condition precedent to the consummation of the contract of insurance, the actual delivery or nondelivery of the policy is not of itself conclusive evidence of the completion of the contract of insurance; but the unconditional acceptance of the application by the insurer is a consummation of the contract.

"Where there is no oral agreement for insurance

prior to the policy, if a policy has been executed in form, but has not passed out of the possession of the insurer or his agent and no payment of premium has been made, the contract is *prima facie* incomplete; and the burden is upon the party who asserts that there is a contract to show that the policy became operative by the intention of both parties.

"Where, there being no oral agreement for insurance to take effect prior to the issue of the policy, upon an application for insurance at less than the regular rate, an agent wrote up and countersigned a policy and, without parting with the possession thereof, wrote to the applicant that he had 'issued' a policy, but would hold the same until he should have time to hear from his company, and the company thereafter rejected the risk and the agent forwarded the policy to the company, these facts constitute no proof of a consummated contract of insurance, although the applicant may not have received notice of the refusal of the risk."

In the application of the law governing a reviewing court, where the question of error is decided by the character of the opening statement, in addition to the pleading, we have endeavored to follow the ruling of the Supreme Court in *Neckel* v. *Fox*, 110 Ohio St., 150, at page 152, 143 N. E., 389, 390, and we quote therefrom as follows:

"This court is not disposed to give too rigid a construction to the terms employed in the statement by counsel for plaintiff * * * and are of the opinion, in the absence of a motion to make either the petition or statement more definite and certain, and giving plaintiff a reasonable and liberal construction to the statement of her counsel, that plaintiff was entitled to offer proof * * *."

Holding these views, the judgment of the lower court is hereby reversed, and the cause remanded for further proceedings according to law.

*Judgment reversed.*

LEVINE, P. J., concurs.
VICKERY, J., not participating.