No. 142

GOODMAN etc. v. ROYAL INDEMNITY CO. et.

Ohio Appeals 8th Dist., Cuyahoga Co.

No. 7053. Decided Jan. 24, 1927

647. INSURANCE—1. An assured can recover from an insurance company upon an oral contract and he has a right under a claim of an oral contract to show all the words, acts, and circumstances bearing upon mutual assent, and his right to recover is absolute.

2. A parol contract of insurance must not be executory, but must take effect in "praesenti."

First Publication of this Opinion

SULLIVAN, J.

Sam Goldman, a minor brought suit against Eli Tischman, by his next friend in the Cuyahoga Common Pleas for damages occasioned by injuries sustained in an automobile accident on June 13, 1922. A judgment in the sum of approximately $7000 was recovered against Tischman, the owner of the automobile, and by virtue of 9510-3 and 4 GC., the instant action was commenced against the Royal Indemnity Co. to recover the judgment.

The Company averred that the plaintiff could not recover as the policy was issued subsequent to the casualty without prior proceedings to reform the contract of insurance so that it would comply with the terms of the contract as outlined by plaintiff in the pleading and opening statement. The Court directed a verdict in favor of the Company at the conclusion of plaintiff's statement. Error was prosecuted and the Court of Appeals held:

1. Authorities cited by defendant that reformation is necessary before suit for recovery upon the contract can be filed, undoubtedly state the law; but these authorities would apply only if plaintiff was seeking to recover under the policy which is dated subsequent to the accident.

2. To give the plaintiff's case a fair and reasonable construction, it appears that he does not sue upon the policy of insurance dated June 22nd; but that he sues upon a contract made orally, June 3, 1922.

3. It is well settled that the assured can recover from an insurance company upon an oral contract, for the policy itself is merely evidence of the terms of the contract; 50 OS. 549; 24 OS. 345; and as in other cases of parol contracts, the terms of agreement and the assent of the parties to them, may be shown by their acts and the attending circumstances as well as the words they have employed.

4. The plaintiff ought not to be deprived of the right to prove his oral contract simply because there was injected into the case the fact that the policy was dated June 22nd instead of June 3rd.

5. From the very nature of the case, the plaintiff of necessity was compelled to seek recovery independent of the terms of the policy which he repudiated by his non-acceptance thereof; and his suit based upon a theory that ignored the very existence of the policy itself.

6. The jury was entitled to have all the evidence relating to both transactions submitted to it under proper instructions from the court

as to whether the contract, written or oral was of June 3rd or June 22nd., not whether any policy had been issued under the contract made orally as claimed by plaintiff June 3, 1922.

7. Plaintiff's petition stands upon a consummated contract because the allegation is that on June 13, 1922, plaintiff was insured in the defendant company in the sum of $10,000; and therefore plaintiff's action is not based upon an agreement to issue a policy; but upon an agreement for insurance that took effect in praesenti.

8. A parol contract of insurance, as distinguished from a parol agreement to issue a policy, must not be executory, but must take effect in praesenti; and in order to establish the relation of insurer and insured, in parol, as existing before the delivery of the policy, the plaintiff must do so by full and clear proof. 75 OS. 312.

9. In regard to the opening statement, the ruling of the Supreme Court in giving to plaintiff's opening statement a reasonable and liberal construction, allowing plaintiff to offer proof, will be followed. 110 OS. 150.

Judgment reversed and cause remanded.

(Levine, PJ., concurs.)

Attorneys—Paul Howland and Bloomberg & Wolf for Goodman; John A. McNeal for Company; all of Cleveland.