No. 512

COLQUHOUN v. HAGEMAN

Ohio Appeals, 9th Dist., Lorain Co.

No. 403. Decided April 29, 1927.

211. CAUSE OF ACTION—Statute of Frauds—Leases — Breach of Contract — 1. When after premises are leased, a tornado causes damages to building, and debris remains so that lessee cannot properly conduct his business; and where lessor is granted permission by city to make repairs and because of his neglect to do so, the authorities order the building torn down resulting in the eviction of lessee so that occupation of the premises under the terms of the lease could not be had, an opening statement of counsel for lessee including these facts states a cause of action to recover damages for breach of contract.

2. By the statement of the promise of lessor to make repairs, a new lease is not set forth, but rather a contract to waive a right to terminate an existing written lease, and such contract is not within the statute of frauds.

871. OPENING STATEMENT — Plaintiff should not be non-suited on opening statement unless it clearly appears, giving to the statement a reasonable and liberal construction, that he is not entitled to recover.

**First Publication of this Opinion**

PER CURIAM

D. D. Colquhoun sued A. V. Hageman in the Lorain Common Pleas to recover for breach of contract. After the opening statement was made there was motion to direct a verdict for the reason that conceding all that was said in the opening statement to be true, defendant was not liable in damages.

The statement was to the effect that the parties executed a lease by which the plaintiff Colquhoun, rented a storeroom of the defend-ant Hageman, for three years; that plaintiff went into possession and that about ten months later the building of which this room was a part was damaged by a tornado; that the damage could have been easily fixed; that plaintiff refused to pay rent for two months thereafter because of the condition of debris which did not permit customers to come in and go out of said building; that defendant agreed to repair and restore the building and plaintiff thereupon resumed his business, but that defendant made no effort to repair the building and as a result, he was ordered to tear down same and plaintiff was evicted, that because of such negligence plaintiff was unable to occupy the premises in accordance with the terms of the lease and was thereby damaged.

Counsel for plaintiff declined to make any further statement and the court granted the motion of defendant and rendered judgment for defendant. Error was prosecuted and the Court of Appeals held:—

1. Giving the opening statement a liberal construction, which the court was required to do (Neckel v. Fox, 110 OS. 150) said statement stated a cause of action.

2. After the promise to repair the premises was made by defendant, the situation was the same as if the written lease in the first instance had required him to repair the building and perform his part of the lease, notwithstanding the building was damaged by a tornado.

3. The public authorities had given defendant permission to make repairs, and the order to tear down the building was the direct result of his negligence in not availing himself of his permission to repair and his failure to keep his promise to plaintiff to repair.

4. We do not regard the statement as setting forth a new contract of lease, but rather a contract to waive a right to terminate an exising written lease, and we do not think such a contract is within any of the provisions of the statute of frauds.

5. A party should not be non-suited on the opening statement of his counsel unless it appears that, giving to the statement a reasonable and liberal construction, he is not entitled to recover.

Judgment therefore reversed and cause remanded.

Washburn, P. J., Funk & Pardee, JJ., concur.

Attorneys—Rocker & Schwartz, Cleveland, for Colquhoun; G. A. Resek, Lorain, for Hageman.