TERAMANO, A MINOR, APPELLEE, *v.* TERAMANO, APPELLANT.

(No. 39576—Decided April 27, 1966.)

**118**

*Mr. Rod R. Mastandrea,* for appellee.
*Messrs. Arter, Hadden, Wykoff & Van Duzer* and *Mr. Smith Warder,* for appellant.

BROWN, J.  Neither the allegations of the petition nor the representations of prospective proof contained in the opening statement by plaintiff's counsel, considered together and in a light most favorable to the plaintiff, make this case one of willful or malicious tort.

"Malicious" means "indulging or exercising malice; harboring ill will or enmity." Webster's New International Dictionary, 2 Ed.

If we had such a case before us we might agree with the opinion in the excellently reasoned case styled *Dunlap* v. *Dunlap,* 84 N. H. 352, 150 A. 905, 71 A. L. R. 1055, where, at page 361, the following appears:

"* * * The father who brutally assaults his son or outrages his daughter, ought not be heard to plead his parenthood and

the peace of the home as answers to the action seeking compensation for the wrong." That court went on to say that in the case of "malicious injuries" abandonment of the parental relationship should be implied.

In searching for a rationale which can be applied in this and other such cases and by which tortious conduct of a parent toward a child can be judged as actionable or nonactionable, we note the reoccurrence of the phrase, "abandonment of the parental relationship," in most of the well-reasoned cases. If the parental relationship is abandoned, the reason for the immunity ceases to exist. A corollary of this rule is that, where there exists a dual relationship between parent and child such as master and servant, or carrier and passenger, the domestic relationship is merely incidental and becomes so logically irrelevant as to prevent immunity from attaching. See annotation, 19 A. L. R. 2d 423, Infant-Tort Action Against Parent, at page 432.

This was the real basis of the judgment of this court in *Signs, a Minor,* v *Signs,* 156 Ohio St. 566, where it was decided that a parent in his business or vocational capacity is not immune from a personal-tort action by his unemancipated minor child.

Numerous cases gathered in the A. L. R. annotation (19 A. L. R. 2d 423) indicate substantial agreement that no action lies by the unemancipated minor against the parent unless the acts done by the parent are in his vocational capacity or show a malicious intention to injure (rape, murder, punishment inflicted in *malo animo*).

*Cowgill, Admr.,* v. *Boock, Admr.,* 189 Ore. 282, 218 P. 2d 445, 19 A. L. R. 2d 405, an automobile case which supports the position taken by appellee, involved facts so aggravated that the court presumed an intention of the father to injure the child, saying that a person is presumed to intend the ordinary consequences of his voluntary act.

There are no facts in the instant case upon which such a presumption can be based.

We are unable to see where the plaintiff's physical disability (considering that his car was modified to accommodate it) was of such factual significance as to raise a presump-

tion that plaintiff's act in colliding with his son was intentional or malicious in the absence of a claim that the injury was in fact intentional or malicious.

The plaintiff incorporated in his opening statement the allegations of the third amended petition that the acts of the defendant were willfully done. However, the actual detailed statement of the evidence that plaintiff proposed to offer in support of the allegations of the petition made it apparent that the facts proposed to be proved would not authorize a verdict; that there would be no evidence of actual intent to injure; and that there would be no evidence upon which a jury would be justified in presuming malicious intent or abandonment of the parental relationship. The trial court correctly directed a verdict for the defendant at this stage of the proceedings. *Cornell* v. *Morrison,* 87 Ohio St. 215.

The judgment of the Court of Appeals is reversed, and the judgment of the Court of Common Pleas is affirmed.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL and SCHNEIDER, JJ., concur.

HERBERT, J., dissenting. Although there may be serious doubts that the parenthood of the defendant should be a defense to a tort action brought by the defendant's minor child for injuries inflicted which bear no reasonable relation to disciplinary activity, I will confine this dissent to a more serious error—the infringement on the constitutional right of trial by jury.

The majority opinion begins: "Neither the allegations of the petition nor the representations of prospective proof contained in the opening statement by plaintiff's counsel, considered together in a light most favorable to the plaintiff, make this case one of *willful* or malicious tort." (Emphasis added.)

In contrast, the amended petition states "that the whole, sole and proximate cause of the accident and the resulting injuries were due to the negligence and *willful* misconduct of the defendant while defendant was under the influence of intoxi-

cating beverages in driving into said driveway at a great rate of speed * * *."

In similar contrast, the opening statement of plaintiff's counsel charged that the defendant "wantonly and willfully failed to stop his car * * *."

Where an unemancipated minor has attempted to recover from a parent on the basis of willful and wanton misconduct and has alleged that the parent was under the influence of alcohol and was driving at an excessive speed when the accident occurred, our sister states have held that a cause of action was stated and that defendant was not entitled to judgment on the pleadings. *Leggett* v. *Leggett* (1961), 216 N. Y. Supp. 2d 781; *Wright* v. *Wright* (1952), 85 Ga. App. 721, 70 S. E. 2d 152; *Cowgill* v. *Boock, Admr.* (1950), 189 Ore. 282, 218 P. 2d 445. In those cases, the allegations of speed and alcohol were sufficient to require the trier of facts to determine whether there was willful or wanton misconduct and an abandonment of the parental relationship.

However, a majority of the court chose to decide those issues on their own before any evidence was actually presented. Like the issue of negligence, the issue of willful misconduct is one for the jury to determine in light of the circumstances of each case. In the case at bar, an honest judgment must await the testimony of the witnesses and the presentation of other evidence. How drunk was the defendant? How fast was he speeding? How disabled a driver was he? How likely was it for a child to rush out into the driveway at that time of day?

The answers to these questions are decisive of this case. The answers have not been given. Nevertheless, the court says it is certain that no willful tort could be proved.

As the basis for the premature disposition of this case, the court cites *Cornell* v. *Morrison* (1912), 87 Ohio St. 215. However, the first paragraph of the syllabus of that case reads as follows:

"A motion by the defendant to arrest a cause from the jury and enter a judgment of dismissal of plaintiff's petition and for costs, made after the opening statement of counsel for the plaintiff and before the introduction of any evidence, is *an admission by the defendant,* for the purpose of the motion,

*of the truth of all the statements that the plaintiff proposes to establish by the evidence,* leaving no disputed question of fact to be determined by the jury, the only remaining question being one of law for the court." (Emphasis added.)

If the defendant must admit all propositions of the plaintiff, such as that defendant "wantonly and willfully failed to stop his car," the court must be choosing among the allegations to form a basis for decision. It is thus usurping the function of a jury. *Cf. Archer* v. *City of Port Clinton* (1966), 6 Ohio St. 2d 74. (Herbert, J., dissenting.)

Moreover, it is the law in Ohio that where a plaintiff makes an opening statement wherein he avers the essential elements of the tort but fails to make a clear and detailed statement of the supporting evidence, it is reversible error for the trial court to grant defendant's motion for judgment. *Neckel* v. *Fox* (1924), 110 Ohio St. 150. The court said it was "not disposed to give too rigid a construction to the terms employed by counsel for plaintiff." 110 Ohio St. at 152.

I approve and follow the rule of *Neckel* v. *Fox* as more reasonable than the view taken today, hence this dissent.