BARRY ET AL., APPELLEES, *v.*
SCHORLING, APPELLANT.

(No. L-80-320—Decided June 12, 1981.)

*Mr. Gordan Huffman* and *Mr. David Mohr,* for appellees.

*Mr. Edward VanGunten,* for appellant.

POTTER, J. In this appeal it is admitted that David M. Gallaher, third-party defendant, stands in "loco parentis" to the plaintiff-appellee Victoria J. Barry and is the natural parent of two minors, also plaintiffs in the principal lawsuit.

Plaintiffs-appellees brought an action against Ronald L. Schorling, appellant herein, for injuries sustained in an automobile accident wherein Schorling was the driver of one automobile and Gallaher was the driver of the automobile in which appellees were passengers.

Schorling filed a third-party complaint against Gallaher alleging that Gallaher negligently operated his vehicle and, therefore, Gallaher was subject to an action for indemnity and/or contribution.[1]

This appeal followed the granting of a motion for summary judgment and the dismissal of the third-party complaint against Gallaher. We affirm.

Barbara Gallaher and David M. Gallaher are wife and husband. Victoria J. Barry, age six at the time of the accident, is the daughter of Barbara Gallaher's sister, and, it is alleged, has lived in the home of Barbara and David Gallaher since she was three years old. In Gallaher's motion for summary judgment, he argued that he was immune from suit for contribution because he was the natural father of the other plaintiffs and stood in loco parentis to Victoria J. Barry. The trial court held that the third-party complaint did not state a claim upon which indemnity or contribution could be granted and that the third-party defendant, Gallaher, was entitled to judgment as a matter of law. The trial court found that there was no just cause for delay and the third-party plaintiff, Schorling, appealed. This appeal does not involve the ruling of the trial court that the complaint did not state a claim for indemnity or for contribution in regard to the injuries of the plaintiffs who are the natural children of the third-party defendant Gallaher. The "argument" which we shall assume is appellant's assignment of error, is as follows:

"I. The trial court erred when it decided the third party complaint did not state a cause of action for contribution from third party defendant, David M.

___

[1] R.C. 2307.31(A) provides:

"Except as otherwise provided in this section or section 2307.32 of the Revised Code, where two or more persons are jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them. The right of contribution exists only in favor of a tortfeasor who has paid more than his proportionate share of the common liability, and his total recovery is limited to the amount paid by him in excess of his proportionate share. No tortfeasor is compelled to make contribution beyond his own proportionate share of the entire liability. There is no right of contribution in favor of any tortfeasor who has intentionally caused or intentionally contributed to the injury or wrongful death."

Gallaher, for injuries sustained by plaintiff, Victoria J. Barry."

Appellant's primary argument is that the parental immunity doctrine should not apply in regard to contribution for injuries allegedly sustained by Victoria.

The holding in *Teramano* v. *Teramano* (1966), 6 Ohio St. 2d 117 [35 O.O.2d 144], paragraph one of the syllabus, is that "[a] parent is immune from suit by his unemancipated minor child for tort unless [the] facts of the case are sufficient to show [an] abandonment of the parental relationship."

We find, as has been indicated by the appellant, that courts generally adhere to the parental immunity doctrine. However, some courts have also made a distinction between natural parents and persons standing in "loco parentis" and have held the latter subject to liability for negligent injuries to an unemancipated minor. See, Annotation, 41 A.L.R. 3d 904, Liability of Parent for Injury to Unemancipated Child Caused by Parent's Negligence 960, Section 11(a), and cases therein cited.

Appellant alleges that there is no legal obligation on behalf of the appellee toward the plaintiff Victoria, and, therefore, he should not enjoy the benefit of parental immunity. See contra, 41 Ohio Jurisprudence 2d 347, Parent and Child, Section 34.

As has been indicated, while a number of states have abrogated the parental tort immunity doctrine, see, Annotation, 41 A.L.R. 3d 904, 964, *supra*, Section 13(a), nevertheless, Ohio has not. See, *Teramano* v. *Teramano, supra*. Plaintiff-appellant argues that the momentum of modern case law appears to be in the direction of abrogating parental immunity. See, Prosser on Torts 867 (4th ed. 1971). Cf. Annotation, 19 A.L.R. 2d 1003, Right of Tortfeasor to Contribution Where Judgment Creditor is Spouse, Parent, Child, etc. of Other Tortfeasor Against Whom Contribution is Sought. In Ohio this change in direction because of

the holding in *Teramano, supra,* must be initiated by the Ohio Supreme Court and not by this intermediate appellate court. While Ohio may, judicially, abolish the rule of parental immunity we see no good reason for having two rules, one that immunity applies to the natural parents and one to the effect that those who stand in "loco parentis" have no such immunity. See *Wooden* v. *Hale* (Okla. 1967), 426 P. 2d 679; *Gunn* v. *Rollings* (1967), 250 S.C. 302, 157 S.E. 2d 590; 59 American Jurisprudence 2d 255, Parent and Child, Section 155; 41 Ohio Jurisprudence, Parent and Child 308, 335, Sections 5 and 25. Plaintiff-appellant's assignment of error is therefore found not well taken.

In finding that appellant's assignment of error is not well taken, we note that he has not presented for review the question of whether or not he should have a right to contribution for the damages to the natural children and Victoria even though Gallaher would be immune to a suit by these plaintiffs.

While this is not an issue in this appeal, we observe that some courts which adhere to the doctrine of parental immunity also apply it as a bar to parties seeking contribution from a parent. See, *Pedigo* v. *Rowley* (1980), 101 Idaho 201, 610 P. 2d 560 and exhaustive review of cases cited therein.

Other courts have examined the rationale for parental and interspousal immunity and while leaving the doctrine intact, have found that family immunity does not prevent a tortfeasor from seeking contribution under the Uniform Contribution Among Joint Tortfeasors' Act. (R.C. 2307.31.) See, *Zarrella* v. *Miller* (1966), 100 R.I. 545, 217 A. 2d 673; *Restifo* v. *McDonald* (1967), 426 Pa. 5, 230 A. 2d 199; *Shor* v. *Paoli* (Fla. 1977), 353 So. 2d 825; *Quest* v. *Joseph* (Fla. 1980), 392 So. 2d 256.

These latter courts reviewed the underlying policy reasons for the doctrine of parental immunity and the Contributions Among Joint Tortfeasors' Act.

Parental immunity was judicially created to insure familial harmony and to protect the economic unit. The concept of immunity does not deny the existence of the tort, but rather denies the resulting liability. Immunity does not mean that conduct which would amount to a tort on the part of other defendants not conferred with the status or position of the favored defendant, is not still equally tortious in character, but merely that for the protection of the particular defendant, he is given absolution from liability. See, Prosser on Torts 970, (4th ed. 1971).

Courts which have allowed contribution but recognize immunity do so on the theory that to deny contribution places an unfair share of the burden of loss on the other tortfeasor. See Notes, Contribution Among Joint Tortfeasors When One Tortfeasor Enjoys a Special Defense Against Action by the Injured Party, 52 Cornell L. Q. 407.

However, for the reasons heretofore stated, the judgment of the Court of Common Pleas of Lucas County is affirmed.

*Judgment affirmed.*

BARBER and MCCRYSTAL, JJ., concur.

MCCRYSTAL, J., of the Court of Common Pleas of Erie County, sitting by designation in the Sixth Appellate District.