HARTFORD ACCIDENT & INDEMNITY CO., APPELLANT, *v.* BORCHERS ET AL., APPELLEES.

(No. 81AP-915—Decided April 6, 1982.)

*Messrs. Earl & Warburton* and *Mr. Dick M. Warburton, Jr.,* for appellant.

*Paul Scott Co., L.P.A.,* and *Mr. Paul A. Scott,* for appellees.

WHITESIDE, P.J. This appeal by plaintiff, Hartford Accident & Indemnity Company, from a judgment of the Franklin County Municipal Court raises the issue of whether a custodial parent is rendered liable by R.C. 3109.09 to an ex-spouse and noncustodial parent for theft of property of the latter by the parties' minor child.

In its complaint, plaintiff, Hartford Accident & Indemnity Company, alleges that it paid $6,522.91 to its insured, Joseph Borchers, for tools and equipment stolen by Borchers' son on August 6 and December 17, 1978. Plaintiff further alleges that defendant Claudine Borchers Grubb is the mother and legal custodian of the minor thief, Joseph Borchers, Jr., and that it is entitled to recovery from her, being subrogated to the rights of its insured. Defendants filed an answer raising several defenses, including one that the complaint does not state a claim for relief, and subsequently filed a motion for judgment on the pleadings predicated upon the same ground. The trial court sustained the motion for judgment on the pleadings and dismissed the action. Plaintiff thereupon appealed, raising the single assignment of error that the trial court erred in sustaining the motion for judgment on the pleadings.

Thus, the issue before us is whether, upon divorce of the parents, R.C. 3109.09 confers upon the noncustodial parent a right of recovery from the custodial parent for a theft by the parties' minor child. R.C. 3109.09 provides, in pertinent part, as follows:

"Any owner of property may maintain a civil action in a court of competent jurisdiction to recover compensatory damages not exceeding three thousand dollars and costs of suit from the parents having the custody and control of a minor under the age of eighteen years, who willfully damages property belonging to such owner or who commits acts cognizable as a 'theft offense,' as defined in section 2913.01 of the Revised Code, involving the property of such owner. Such an action may be joined with an action under Chapter 1919 or 2737 of the Revised Code against the minor, or the minor and his parents, to recover the property regardless of value, but any additional damages recovered from the parents shall be limited to compensatory damages not exceeding three thousand dollars, as authorized by this section. A finding of willful destruction of property or of committing acts cognizable as a theft offense is not dependent upon a prior finding of delinquency of such minor, or upon his conviction of any criminal offense."

Clearly, it is not the purpose of R.C. 3109.09 to define and determine rights as between the parents of minor children. Rather, it is to impose liability upon such parents for theft and willful damage of property belonging to another. Ordinarily, neither parent would be within the class designed to be protected or benefited by R.C. 3109.09. In *Motorists Mutual Ins. Co.* v. *Bill* (1978), 56 Ohio St. 2d 258 [10 O.O.3d 398], determining that a subrogated insurer, such as plaintiff, is entitled to the benefit of R.C. 3109.09, Justice Holmes stated in the opinion, at page 261:

"Under the common law, parents were not held liable in damages for the torts of their minor children solely because of the parent-child relationship. * * *

"Over the years, many states, including Ohio, have enacted statutes in derogation of the common law which have imposed upon parents legal responsibility for the consequences of the tortious acts

of their children which resulted in damage to others."

Continuing, at pages 267-268, Justice Holmes stated:

"* * * Initially, as discussed earlier, we deem the statute to be founded both upon the idea of compensation for the owners, and hopefully to make the parents more aware of the necessity to keep the acts of vandalism of their minor children under greater parental control and penalize the parents where they have not done so. * * *"

In the absence of a binding court order or agreement, even divorced parents have equal rights to the custody of their children. See *Pasqualone* v. *Pasqualone* (1980), 63 Ohio St. 2d 96 [17 O.O.3d 58], citing *In re Corey* (1945), 145 Ohio St. 413, the second paragraph of the syllabus of which reads, as follows:

"Parents are the legal and natural custodians of their minor children, and each parent has an equal right to such custody in the absence of an order, judgment or decree of a court of competent jurisdiction fixing their custody."

Accordingly, the words "parents having the custody and control of a minor," as used in R.C. 3109.09, refer to both parents of the child, whether or not divorced, at least in the absence of a binding court order or agreement giving custody of the child to only one of the parents. The question of whether plaintiff's insured, Joseph Borchers, Sr., has been relieved of potential liability under R.C. 3109.09 by virtue of the award of custody to defendant Claudine Borchers Grubb is not an issue before us and is not determined hereby.

However, it is clear that, in the absence of some special circumstances, the father of a minor is a member of the class upon whom liability was imposed by R.C. 3109.09, not the member of the class for whose benefit and protection the statute is designed. In other words, under ordinary circumstances, the parent of a minor child is not included in the class of "owner of property," upon whom is conferred the right to maintain an action pursuant to R.C. 3109.09 because of willful damage or theft by such minor child.

Plaintiff, in effect, contends that in this case its insured, the minor's father, with respect to his minor son has been transferred from the class of "parents having custody and control" to the class of "owner of property," as those words are used in R.C. 3109.09 by virtue of the award of custody of that minor child to his mother, defendant Claudine Borchers Grubb. However, a court order awarding custody of a minor child to one parent does not confer any new right upon the noncustodial parent which he would not otherwise have. Clearly, the words "custody and control," as used in R.C. 3109.09, are not dependent upon a court order but, rather, ordinarily contemplate both parents. See R.C. 3109.03.

Generally, an unemancipated minor child cannot maintain a tort action against his parent in the absence of malicious intent to injure. See the first paragraph of the syllabus of *Teramano* v. *Teramano* (1966), 6 Ohio St. 2d 117 [35 O.O.2d 144]. While all family immunity has been criticized on occasion, many jurisdictions have applied the same rule with respect to an action by a parent for a tort committed by his child, although there appears to be no Ohio authority. See Annotation, Right of Parent or Representatives to Maintain Tort Action Against Minor Child, 60 A.L.R. 2d 1284. Most of the cases (none of which are Ohio cases), involve negligent operation of a motor vehicle so that there is no direct authority as to the right of a parent to maintain a tort action against his unemancipated minor child for theft of, or willful damage to, property. However, even assuming that the parent could maintain such an action against the unemancipated minor child, it does not follow that R.C. 3109.09 authorizes an action against the custodial parent by the

noncustodial parent under such circumstances.

In other words, within the contemplation of R.C. 3109.09, both parents are parents even though the parties may have agreed or the court may have awarded custody to one of the parents. R.C. 3109.09 does not confer a right of action upon one parent against the other parent for torts committed by their unemancipated minor child, leaving any such liability to be predicated upon a tortious act by the custodial parent. There is nothing in R.C. 3109.09 indicating a legislative intent to confer upon one parent the right to recover from the other parent for theft or willful damage to property by their unemancipated minor child dependent solely upon which parent at the time had custody and control of the child.

Accordingly, the trial court correctly found that plaintiff's complaint did not state a claim for relief and did not err in sustaining defendants' motion for judgment on the pleadings.

For the foregoing reasons, the assignment of error is overruled, and the judgment of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and McCORMAC, JJ., concur.