PRICE, APPELLANT, *v.*
PRICE, APPELLEE.

(No. 3708—Decided March 14, 1985.)

*Joseph R. Grunda* and *Hollace B. Weizel,* for appellant.

*John P. Gallagher,* for appellee.

GEORGE, J. The plaintiff-appellant, Noreen Price, appeals the judgment of the trial court granting summary judgment in favor of her son, the defendant-appellee, Timothy Price. This court reverses that judgment.

On November 13, 1981, Timothy, age seventeen, was involved in a car accident while driving his mother, Noreen, to work. Noreen was injured in this accident. She subsequently filed a complaint against Timothy alleging negligence. Timothy filed a motion for summary judgment asserting that the claim was barred by the doctrine of parent-child immunity. The trial court granted this motion. Noreen appeals raising the following assignments of error:

"I. Whether the trial court erred when it extended the doctrine of parent/child immunity to this case of first impression.

"II. Whether the trial court erred when it granted defendant-appellee's motion for summary judgment where the defendant-appellee had not established the existence of the traditional justifications for the application of the doctrine of parent/child immunity as required by *Dorsey* v. *State Farm Mut. Auto. Ins. Co.,* 9 Ohio St. 3d 27 (1983)."

In *Mauk* v. *Mauk* (1984), 12 Ohio St. 3d 156, the Ohio Supreme Court applied the doctrine of child-parent immunity as a bar to the maintenance of a tort action by a mother and father against their unemancipated minor child. The court stated at 156-157:

"'* * * [T]he doctrine of parental immunity was expressly approved by this court in *Teramano* v. *Teramano* (1966), 6 Ohio St. 2d 117 [35 O.O.2d 144], paragraph one of the syllabus. Generally speaking, the rule operates to preclude an unemancipated minor child from maintaining an action in tort against his parent. *Id.*

"'* * *

"'A recognized corollary rule to parental immunity is that a parent may not prosecute a tort action against his unemancipated minor child. * * *'"

However, even more recently, the Ohio Supreme Court, in the case of *Kirchner* v. *Crystal* (1984), 15 Ohio St. 3d 326, abolished the doctrine of parental immunity without reservation. The corollary rule, of necessity, must also be considered abolished. Additionally, the holding in *Kirchner* v. *Crystal, supra,* should be given retroactive application. See, generally, *Zagorski* v. *South*

*Euclid-Lyndhurst Bd. of Edn.* (1984), 15 Ohio St. 3d 10, 12; and *Obral* v. *Fairview General Hospital* (1983), 13 Ohio App. 3d 57.

Accordingly, this assignment of error is well-taken. The judgment of the trial court is reversed and the case is remanded for proceedings consistent with the law and this opinion.

*Judgment reversed and*
*cause remanded.*

BAIRD, P.J., and MAHONEY, J., concur.