[Cite as *Dearing v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-7066.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARVIN DEARING

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

Case No. 2011-09560-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF DISMISSAL

{¶1} On August 5, 2011, this court granted plaintiff's motion for discovery. On October 11, 2011, this court issued an order requiring defendant to submit the investigation report within 14 days of the entry. On October 11, 2011 and October 26, 2011, plaintiff filed motions for default judgment. Plaintiff asserts he should be granted default judgment based on defendant's failure to timely file the investigation report.

{¶2} Civ.R. 55(D) in pertinent part states:

{¶3} "No judgment by default shall be entered against this state . . . or agency . . . unless the claimant establishes his claim . . . by evidence satisfactory to the court."

{¶4} A default judgment may not be rendered against the state solely for procedural errors committed by defendant. A review of plaintiff's pleadings does not present sufficient evidence to prove his claim by a preponderance of the evidence. Upon review, the plaintiff's motions for default judgment are DENIED.

{¶5} On October 25, 2011, defendant filed a motion for extension of time to submit the investigation report. Defendant requested the investigation report be due on or before November 21, 2011.

{¶6} On October 28, 2011, defendant filed a motion to dismiss pursuant to Civ.R. B(1), lack of subject matter jurisdiction and Civ.R. 12(B)(6), failure to state a claim upon which relief can be granted.

{¶7} In support of the motion to dismiss, defendant stated in pertinent part:

{¶8} "The plaintiff is not asserting a claim for negligence.  It is clear that the plaintiff is attempting to assert a civil rights claim for violation of the 8[th] amendment. The law is well established that this court does not have jurisdiction to hear claims of civil rights violations brought against the state.  The state is not a 'person' for purposes of 42 USC1983 actions and has not otherwise submitted to the jurisdiction of this court for claims such as this.  *Burkey v. SOCF* 38 Ohio App3d 170, 528 NE2d 607 (1988); *Glover v. CCI* 202-02809-AD, 2003 WL21350552 (Ohio Ct. Cl. 2003).

{¶9} "Furthermore, the plaintiff has alleged that the defendant's employee acted with 'malicious intent.'  Such intentional actions would be clearly outside the scope of their employment.  The state is not liable for actions of their employees that are outside the scope of their employment.  (See ORC 2743.02)  Therefore, whether the complaint is considered as alleging civil rights violations or not, it is still beyond the jurisdiction of this Court.  *Glover* (supra)."

{¶10}     Plaintiff maintained that CO Richards refused to provide him with a vegetarian meal, even though plaintiff had requested a vegetarian meal.  When plaintiff expressed his displeasure with CO Richardson's lack of concern, Richardson pepper sprayed the plaintiff.  To determine if defendant should bear responsibility for an employee's wrongful act, a finding must be made, based on the facts presented, whether or not the injury-causing act was manifestly outside the course and scope of employment.  *Elliott v. Ohio Dept. of Rehab. & Corr.* (1994), 92 Ohio App. 3d 772, 775, 637 N.E. 2d 1086 *Thomas v. Ohio Dept. of Rehab. & Corr.* (1988), 48 Ohio App. 3d 86, 89, 548 N.E. 2d 991; and *Peppers v. Ohio Dept. of Rehab. & Corr.* (1988), 50 Ohio App. 3d 87, 90, 553 N.E. 2d 1093.  It is only where the acts of state employees are motivated

by actual malice or other such reasons giving rise to punitive damages that their conduct may be outside the scope of their state employment. *James H. v. Dept. of Mental Health and Mental Retardation* (1980), 1 Ohio App. 3d 60, 61, OBR 6, 439 N.E. 2d 437. The act must be so divergent that it severs the employer-employee relationship. *Elliott*, at 775 citing *Thomas*, at 89, and *Peppers*, at 90.

{¶11}    Malicious purpose encompasses exercising "malice," which can be defined as the willful and intentional design to do injury, or the intention or desire to harm another, usually seriously, through conduct that is unlawful or unjustified. *Jackson v. Butler Cty. Bd. of Cty. Commrs.* (1991), 76 Ohio App. 3d 448, 453-454, 602 N.E. 2d 363, citing *Teramano v. Teramano* (1966), 6 Ohio St. 2d 117, 118, 35 O.O. 2d 144, 216 N.E. 2d 375; and *Bush v. Kelly's Inc.* (1969), 18 Ohio St. 2d 89, 47 O.O. 2d 238, 247 N.E. 2d 745.

{¶12}    The Supreme Court of Ohio has established that an employer is liable for the tortious conduct of its employee only if the conduct is committed within the scope of employment and if the tort is intentional, the conduct giving rise to the tort must facilitate or promote the business of which the employee was engaged. *Byrd v. Faber* (1991), 57 Ohio St. 3d 56, 565 N.E. 2d 584, citing *Little Miami RR Co. v. Wetmore* (1869), 19 Ohio St. 110, and *Taylor v. Doctors Hosp.* (1985), 21 Ohio App. 3d 154, 21 OBR 165, 486 N.E. 2d 1249.

{¶13}    Further, an intentional and willful tort committed by an employee for his own purposes constitutes a departure from the employment, so that the employer is not responsible. *Szydlowski v. Ohio Dept. of Rehab. & Corr.* (1992), 79 Ohio App. 3d 303, 607 N.E. 2d 103, citing *Vrabel v. Acri* (1952), 156 Ohio St. 467, 46 O.O. 387, 103 N.E. 2d 564. The facts of this case, taken as plaintiff asserted, would constitute an intentional tort committed by defendant's employee performed for his own personal purposes. Following this rationale, plaintiff cannot maintain a cause of action against defendant for the intentional malicious act of its employee.

{¶14}     Plaintiff also asserts defendant violated his rights under the 8th Amendment of the United States Constitution.  However, it is well-settled that this court lacks jurisdiction to hear claims that assert constitutional violations.  *Gersper v. Ohio Dept. of Hwy. Safety* (1994), 95 Ohio App. 3d 1, 641 N.E. 29 113.

{¶15}     Upon review, defendant's motion to dismiss is GRANTED.  Plaintiff's claim is DISMISSED for lack of subject matter jurisdiction and the failure to state a claim upon which relief can be granted.  All pending motions are MOOT.  The court shall absorb the court costs of this case.

_____
DANIEL R. BORCHERT
Deputy Clerk

cc

Marvin Dearing, #421-030
878 Coitsville-Hubbard Road
Youngstown, Ohio  44505

T. Austin Stout
Department of Rehabilitation
and Correction
770 Broad Street
Columbus, Ohio  43222

DRB/laa
Filed 11/8/11
Sent to S.C. reporter 4/5/12