This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-plaintiff Philip E. Pavarini, Sr., ("Pavarini") appeals from a decision of the Summit County Common Pleas Court granting summary judgment to appellee-defendant Sergeant Skufca. This Court affirms.
 I.
Pavarini is the vice president of KP Adjusters Inc. ("KP Adjusters"), a company in the business of repossessing automobiles. In October 1997, KP Adjusters repossessed a Chevrolet Blazer from DL Towing. To take possession of the Blazer, KP Adjusters obtained a release from the Macedonia Police Department and paid DL Towing $1,200. The Macedonia Police Department informed KP Adjusters that the wrong vehicle had been released to them and requested that they return the Blazer. KP Adjusters refused to return the Blazer without a reimbursement of the $1,200. In response to KP Adjusters' refusal to return the Blazer, Sergeant Skufca threatened to arrest Pavarini and threatened to ruin KP Adjusters' business.
On January 22, 1997, the Summit County Grand Jury indicted Pavarini for tampering with evidence, a violation of R.C. 2921.12(A)(1); obstructing official business, in violation of R.C. 2921.31(A); and grand theft, in violation of R.C. 2913.02(A)(3). The case proceeded to trial. After the presentation of the state's evidence, the trial court entered a judgment of acquittal for Pavarini on all three counts.
On December 7, 1999, Pavarini filed a complaint against numerous defendants[1] asserting malicious prosecution, false imprisonment, abuse of process, intentional infliction of emotional distress, defamation and breach of contract. The trial court found that Pavarini's claim of false imprisonment on October 10, 1996, was barred by the statute of limitations. The trial court granted partial summary judgment to the defendants on all claims[2] and denied summary judgment to Sergeant Skufca on the claims of malicious prosecution and abuse of process.
At a status conference on June 7, 2000, the trial court granted Sergeant Skufca leave to file a motion for summary judgment. Sergeant Skufca moved the trial court for summary judgment. In his motion for summary judgment, Sergeant Skufca argued that Pavarini was not able to establish the requisite elements of malicious prosecution or abuse of process. Furthermore, Sergeant Skufca asserted immunity pursuant to R.C.2744.03(A)(6). On August 3, 2000, the trial court granted summary judgment in favor of Sergeant Skufca. This appeal followed.
 II.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF [SERGEANT] RICK SKUFCA.
In his first assignment of error, Pavarini argues that the trial court erred in granting summary judgment to Sergeant Skufca because a genuine issue of material fact existed in regard to his claims of malicious prosecution and abuse of process. This Court disagrees.
Pursuant to Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. State ex rel. Howard v. Ferreri (1994),70 Ohio St.3d 587, 589. An appellate court review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491.
The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle
(1991), 75 Ohio App.3d 732, 735.
In the present case, Sergeant Skufca moved for summary judgment asserting that he was entitled to governmental immunity under R.C. 2744.03. Under 2744.03(A)(6) an employee of a political subdivision is immune from liability unless:
 His acts or omissions were manifestly outside the scope of his employment or official responsibilities;
His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
Liability is expressly imposed upon the employee by a section of the Revised Code.
 A police officer "cannot be held personally liable for acts committed while carrying out his or her official duties unless one of the exceptions to immunity is established." Cook v. Cincinnati (1995), 103 Ohio App.3d 80, 90.
In support of his motion for summary judgment, Sergeant Skufca presented an affidavit in which he states that at all times material to this case he was acting in his official capacity. Sergeant Skufca met hisDresher burden by demonstrating that he was entitled to immunity pursuant to R.C. 2744.03.
In order to overcome sovereign immunity, an appellant must show an exception to immunity exists. R.C. 2744.03(A)(6); Cook,103 Ohio App.3d at 90. This Court finds that Pavarini failed to meet his responsive burden to show that an exception to immunity existed. See R.C.2744.03(A)(6)(b). Two weeks after Pavarini's time to respond to Sergeant Skufca's motion for summary judgment expired, he retained an attorney and sought an extension of time to respond. The trial court denied the extension. Therefore, Pavarini did not respond to the summary judgment motion.
Viewing the evidence in the light most favorable to the non-moving party,[3] this Court finds that there is no evidence to support any of the three exceptions to immunity listed in R.C. 2744.03(A)(6). Accordingly, Sergeant Skufca was entitled to judgment as a matter of law and the trial court appropriately granted summary judgment on the claims of malicious prosecution and abuse of process. Pavarini's first assignment of error is overruled.
 III.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN CONSIDERING TWO MOTIONS FOR SUMMARY JUDGMENT.
In his second assignment of error, Pavarini argues that it was error to allow defendant Sergeant Skufca to file a second motion for summary judgment. This Court disagrees.
It is well-settled that a trial court has the inherent power to control its own docket and the progress of proceedings in its court. State exrel. Kura v. Sheward (1992), 75 Ohio App.3d 244, 245. Docketing decisions can be overturned only where there has been an abuse of discretion. See State v. Unger (1981), 67 Ohio St.2d 65, 67. The term "abuse of discretion" connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. See Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
The record reflects that Pavarini was present at the June 7, 2000 status conference and concurred with the trial court's schedule granting leave to Sergeant Skufca until June 30, 2000, to file a motion for summary judgment. The trial court also granted leave until July 14, 2000, for Pavarini to respond to a motion for summary judgment.
This Court finds that the trial court gave Pavarini an opportunity to argue his position in response to Sergeant Skufca's summary judgment motion. As previously discussed, Pavarini failed to respond to the summary judgment motion. Given the trial court's discretionary powers to control its docket, this Court cannot say that the trial court's decision to allow Sergeant Skufca an opportunity to file a motion for summary judgment was arbitrary, unreasonable or unconscionable. Pavarini's second assignment of error is overruled.
 IV.
Having overruled both of Pavarini's assignments of error this Court affirms the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
______________________________________ DONNA J. CARR
BATCHELDER, P.J., BAIRD, J. CONCUR.
[1] The record reflects that Pavarini named the following defendants: City of Macedonia, Macedonia Police Department, Sergeant [Skufca], Officer Rizzo, Detective Kammer, James Watson, DL Towing, the owner of DL Towing, John Doe and KP Adjusters.
[2] We note that four defendants: DL Towing, the owner of DL Towing, John Doe and KP Adjusters were not included in this motion for summary Judgment. The trial court dismissed the claims against DL Towing and its owner on July 7, 2000 and dismissed the claims against KP Adjusters and John Doe on August 4, 2000.
[3] The record reflects that when the trial court granted partial summary judgment the court also found that Sergeant Skufca threatened Pavarini and KP Adjusters. Sergeant Skufca's threats do not rise to the level of action that is "with malicious purpose, in bad faith, or in a wanton or reckless manner." R.C. 2744.03(A)(6)(b). See Bush v. Kelley'sInc. (1969), 18 Ohio St.2d 89, 92 (holding that malice is the intention or design to harm another by inflicting serious injury, without excuse or justification, by an act which in and of itself may not be unlawful);Parker v. Dayton Metro. Hous. Auth. (May 31, 1996), Montgomery App. No. 15556, unreported (holding "[b]ad faith, * * *, embraces more than bad judgment or negligence. It imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another."); and Thompson v.McNeill (1990), 53 Ohio St.3d 102, 104-105 (defining "wanton or reckless manner" as perversely disregarding a known risk, or acting or intentionally failing to act in contravention of a duty, knowing or having reason to know of facts which would lead a reasonable person to realize that such conduct creates an unreasonable risk of harm substantially greater than the risk necessary to make the conduct negligent.)