Bush, Appellee, *v.* Kelley's, Inc., et al., Appellants.

(No. 68-470—Decided May 14, 1969.)

Messrs. *Applegate, Bolon, Boyd & Alban* and *Mr. Robert E. Boyd, Jr.,* for appellee.

Messrs. *Williams, Murray, Deeg & Ketcham, Mr. Gordon E. Williams, Mr. James D. Booker* and *Mr. Charles R. Andrews,* for appellant.

COLE, J. The first and basic issue presented by the facts of this case involves the applicability of the two-year statute of limitation, applicable to actions for bodily injury, to the amended petition. If this had been the first petition filed, the statute would have run by the date of its filing, whether it be considered to state a cause of action in battery or in negligence. However, it was an amended petition, and the original petition was filed well within the statutory period of limitation for either battery or negligence. In *Brown* v. *Cleveland Baseball Co.,* 158 Ohio St. 1, this court reaffirmed the holding of *Louisville & Nashville Rd. Co.* v. *Greene,* 113 Ohio St. 546, that where no new, independent cause of action, distinct from that contained in the original petition, is alleged in an amended petition, under our liberal statutory rules pertaining to amendment, the amendment could be made after the statute had run and relates back to the original filing of the petition.

The question thus raised is whether the amended petition sets up a new independent cause of action, distinct from that alleged in the original petition. Appellant contends that the original petition did not in any way state a cause of action in negligence but only one in assault and battery, and that the change in the amended petition to a cause of action in negligence was a change to a new cause of action which did not relate back, and hence is barred by the statute of limitations. This was essentially the position of the trial court when it granted defendant's motion for judgment made after the opening statement by plaintiff.

Analysis of the original petition reveals that the plaintiff alleged therein that he was a business invitee in the tavern operated by defendants; that "without probable

or reasonable cause" he was "unlawfully, wantonly and wrongfully, maliciously and recklessly" attacked by defendants, picked up, carried, pushed and hurled through the door of the premises and into an automobile parked in front of the premises, thereby causing the injuries of which complaint is made. Both compensatory and punitive damages were asked for in the prayer.

This is not a simple allegation of assault and battery, with intent to harm or injure the plaintiff. The petition sets up the status of a business invitee, which gives rise to a duty of reasonable care on the part of the defendants. It then alleges acts characterized as "wanton" and specifies those acts. In *Kellerman* v. *J. S. Durig Co.*, 176 Ohio St. 320, it was said in the second paragraph of the syllabus:

"Wanton misconduct charged against a defendant implies a disposition to perversity and a failure to exercise any care toward those to whom a duty of care was owing when the probability that harm would result from such failure was great and such probability was actually known, or in the circumstances ought to have been known to the defendant."

This approaches, but is not identical, with a wilful or intentional act where actual specific intent to harm is present. *Payne* v. *Vance*, 103 Ohio St. 59.

But the plaintiff alleges also that the act was done maliciously. Malice has been given many shades of meaning but among these is the meaning of wilful and intentional design to do injury.

" * * * Malice in the legal sense signifies a wilful design to do another injury, and this regardless of the fact that such design was prompted by hatred or revenge, or by hope of gain. * * * " 27 Ohio Jurisprudence 2d 560, Section 9.

In Webster's Third New International Dictionary, "malice" is defined as: "Intention or desire to harm another usually seriously through doing something unlawful or unjustified."

We conclude that in his original petition the plain-

tiff intended to, and did, allege wanton misconduct, and also intentional misconduct, the latter being assault and battery.

This is buttressed by the inclusion in the prayer of a request for punitive damages.

"It is an established principle of law in Ohio that in actions to recover damages for tort, which involves the in-gredients of fraud, malice, or insult, or the wanton or reck-less disregard of the legal rights of others, the jury may go beyond the rule of mere compensation of the party ag-grieved, and reward exemplary or punitive damages. * * *" 16 Ohio Jurisprudence 2d 281, Section 145.

In *Cohen* v. *Busey,* 158 Ohio St. 159, 168, it is said:

"We conclude, therefore, that an amendment of a pe-tition alleging negligent injury of the plaintiff by the de-fendant by adding thereto allegations characterizing such injury as wilful or intentional does not have the effect of stating an additional cause of action; that such amendment may be made in the interest of justice after the expiration of the time limited for the prosecution of such an action; and that such amendment relates back to the time when the action was commenced."

Since adding allegations of intent to a negligence action adds no new cause of action, the end result is a single cause of action sounding both in intentional and negligent tort. And since this is one cause of action, wheth-er we start with an intentional tort and add an allegation of negligence, or start with negligence and add an allega-tion of intent, the end result is the same. No new distinct and independent cause of action has been added, and, for purposes of the statute of limitation, the amendment dates from the date of filing of the original petition. The facts of the *Cohen case, supra,* show the amendment of a pe-tition, alleging negligence, to include an allegation of "wanton" misconduct.

See, also, *Jurrus* v. *Toledo, Fostoria & Findlay Elec-tric Ry. Co.,* 124 Ohio St. 251.

In the instant case, the plaintiff originally pleaded

wanton misconduct and wilful tort. In his amended petition, he alleges negligence. In accordance with the above reasoning, the change would be within the scope of a single cause of action, and would not thereby add an additional or new cause of action. For purposes of the statute of limitation, it would date from the date of the filing of the original petition.

Since the original petition was filed well within the statutory period, the trial court was in error in holding the action barred by the statute, and the Court of Appeals was correct in reversing the judgment of the trial court.

We therefore hold that the trial court was in error and that the judgment of the Court of Appeals, reversing the judgment of the trial court, was correct.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, SCHNEIDER and DUNCAN, JJ., concur.

COLE, J., of the Third Appellate District, sitting for HERBERT, J.