JAMES H., [BY HIS NEXT] FRIEND, OHIO
LEGAL RIGHTS SERVICE, APPELLANT, *v.*
THE STATE OF OHIO, DEPARTMENT OF
MENTAL HEALTH & MENTAL
RETARDATION, APPELLEE.*

(No. 80AP-186—Decided December 31,
1980.)

*Ms. Victoria Anne Manley,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Thomas E. Turk,* for appellee.

McCORMAC, J. Ohio Legal Rights Service, as next friend of James H., filed a complaint in the Court of Claims on August 23, 1979, against the state of Ohio, Department of Mental Health and Mental Retardation. The complaint alleges that James H., a 16-year-old minor, has been inappropriately institutionalized for the past ten years in facilities operated by the Department of Mental Health and Mental Retardation. The complaint further alleges that the employees of the department knew at the time of admission that James H. was not mentally retarded, but emotionally disturbed, and that institutionalization and treatment as a mentally retarded child was not proper. The complaint cites numerous evaluations and staff reports indicating that the treatment of James H. has been inappropriate and has caused harm to him. Various constitutional and statutory violations are alleged. The complaint prays for $250,000 in damages for physical and emotional pain and suffering and such other

---

* Reporter's Note: A motion to certify the record to the Supreme Court of Ohio was dismissed, on application of counsel for appellant, effective April 29, 1981 (case No. 81-360).

equitable relief as found to be appropriate, plus costs and attorney's fees.

The state moved to dismiss the complaint, asserting, among other defenses, that the complaint failed to state a claim upon which relief can be granted and that Ohio Legal Rights Service did not have standing to institute the claim. The trial court sustained the motion to dismiss for both of these reasons and entered judgment accordingly.

Plaintiff has appealed, setting forth the following assignments of error:

"I. The Court of Claims erred in dismissing plaintiff's complaint for failure to state a claim upon which relief can be granted by finding that 'plaintiff can prove no set of facts in support of his claim which would entitle him to relief,' in that it reached outside the permissible boundaries of review to incorrectly find that defendant's employees acted in good faith, thereby leaving defendant immune from liability.

"II. The Court of Claims erred in finding that Ohio Legal Rights Service is not authorized to act on plaintiff's behalf."

The first issue is whether the complaint of James H. states a claim upon which relief could be obtained.

It must appear beyond a doubt from the complaint that plaintiff can prove no set of facts entitling him to relief in order to warrant dismissal for failure to state a claim upon which relief can be granted. *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242 [71 O.O.2d 223].

R.C. 5123.91 provides as follows:

"All persons who are not subject to any criminal provisions and who act reasonably and in good faith, either upon actual knowledge or upon information reasonably thought by them to be reliable, shall be free from any liability to a person institutionalized in institutions for the mentally retarded or to any other person in their procedural or physical assistance administered in the course of the institutionalization or discharge of a person pursuant to the provisions of this chapter."

The allegations of the complaint, construed most favorably to the pleader, would permit a finding that employees of the Department of Mental Health and Mental Retardation did not act reasonably and in good faith in the institutionalization, care and treatment of James H. Hence, the complaint cannot be dismissed based upon the immunity granted by R.C. 5123.91.

The state argues that, if the employees of the department failed to act reasonably and in good faith, then the employees' acts would have been committed outside the scope of their state employment and cannot be imputed to the state. That contention is not valid. Employees can act unreasonably and still be in the scope of their duty so as to permit the doctrine of *respondeat superior* to apply to make their employer, the state, liable. It is only where the acts of state employees are motivated by actual malice or other such reasons giving rise to punitive damages that their conduct may be outside the scope of their state employment. See *Drain* v. *Kosydar* (1978), 54 Ohio St. 2d 49, at 56 [8 O.O.3d 65]. Since it cannot be determined from the complaint that plaintiff may not be able to prove a claim against the state based upon the *O'Brien* test, the trial court erred in dismissing the complaint for failure to state a claim upon which relief can be granted.

Appellant's first assignment of error is overruled however, since two reasons were given for the dismissal of the action; and since the other reason, as indicated in the discussion of the second assignment of error, is valid, the first assignment of error is, thus, moot.

The next issue is whether Ohio Legal Rights Service is authorized to sue for money damages on behalf of James H., as his next friend.

R.C. 5123.60 (formerly 5123.94) creates a legal rights service to protect and

advocate the rights of persons institutionalized, as is James H. R.C. 5123.60(B) permits formal representation by the Legal Rights Service of "* * * those voluntarily * * * institutionalized who are minors * * * hospitalized * * * in a public hospital * * *." Their power to act is set forth in R.C. 5123.60(G) as follows:

"The legal rights service may act directly or contract with other organizations or individuals for the provision of the services envisioned under this section. Whenever possible, the administrator [of the legal rights service] shall attempt to facilitate the resolution of complaints through administrative channels. The administrator may, when attempts at administrative resolution prove unsatisfactory, initiate actions in mandamus and such other legal and equitable remedies as may be necessary to accomplish the purposes of this chapter and Chapter 5122 of the Revised Code. * * *"

The question is whether R.C. 5123.60 (G) empowers the Legal Rights Service to initiate a money damage action. As a practical matter, money damages are the sole object of the complaint herein, although the term "other equitable relief" is used in the demand. No applicable equitable relief has been set forth.

The only specific remedy mentioned in R.C. 5123.60(G) is a mandamus action which is an extraordinary writ constituting an action at law. Following that specific remedy are the words "such other legal and equitable remedies." Applying the principle of *ejusdem generis,* "such other legal and equitable remedies" would appear to refer to remedies similar to mandamus, with the object of obtaining an order, injunction or the like, to see that the mandates of R.C. Chapters 5122 and 5123 are carried out.

*Ejusdem generis* is a rule of statutory construction, generally accepted by both federal and state courts, that, where general words follow enumeration of particular classes or persons or things, the general words shall be construed as applicable only to persons or things of the same general nature or kind as those enumerated.

In addition, in attempting to construe the extent of the authority of the Legal Rights Service under R.C. 5123.60(G), we are of the opinion that their authorization is to see that the law is enforced, rather than to obtain money damages for past violations of the law. It does not appear that all legal remedies are empowered.

Thus, we conclude that the trial court properly dismissed the complaint for lack of standing of the Ohio Legal Rights Service to bring the action.

Appellant's second assignment of error is overruled.

Appellant's assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P.J., and REILLY, J., concur.