ELLIOTT, Appellee,

v.

**OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, Appellant.**

[Cite as *Elliott v. Ohio Dept. of Rehab. & Corr.* (1994), 92 Ohio App.3d 772.]

Court of Appeals of Ohio,
Franklin County.

No. 93API09–1268.

Decided Feb. 3, 1994.

*Richard F. Swope,* for appellee.

*Lee Fisher,* Attorney General, and *Peter E. DeMarco,* Assistant Attorney General, for appellant.

---

TYACK, Judge.

On July 31, 1991, David Elliott filed a complaint in the Ohio Court of Claims against the Ohio Department of Rehabilitation and Correction ("ODRC"), alleging that while he was an inmate at the Chillicothe Correctional Institution, he was struck in the face without provocation or justification by corrections officer Byron Turner. Elliott alleged that Turner acted within the scope and course of his employment and that ODRC was negligent in hiring, training and retaining Turner. The trial court bifurcated the action and, on August 2, 1992, a trial was held on the issue of ODRC's liability. On November 20, 1992, the trial court filed a judgment entry and decision. In its decision, the trial court found that there was insufficient evidence regarding ODRC's alleged negligent hiring, training and retaining of Turner, that Turner acted recklessly and, therefore, could be sued individually in common pleas court pursuant to R.C. 2743.02(A)(1), and that Turner acted within the scope of his employment and that, therefore, ODRC was liable under the doctrine of *respondeat superior.*

ODRC filed a motion for reconsideration, which was overruled on March 29, 1993. On July 21, 1993, a trial was held on the issue of damages and, on August 11, 1993, damages were awarded to Elliott (hereinafter "appellee") in the amount of $2,000. ODRC (hereinafter "appellant") timely appealed to this court, assigning one error for our consideration:

"The State of Ohio is not liable, pursuant to R.C. 2743.02, for the actions of its employees when such employees act with malicious purpose, in bad faith, or in a wanton or reckless manner regardless of the fact that such actions were within the course and scope of their employment."

Appellant's assignment of error does not raise an issue regarding the sufficiency of the evidence to support the trial court's findings that Turner acted recklessly and within the scope of his employment and, therefore, raises only a question of law. The issue presented for our review is whether under R.C. 2743.02 and 9.86, both the state and an employee of the state can be liable for the acts of that state employee when the act is found to be reckless but within the scope of employment.

Appellant argues that the state has not waived its immunity from suit for the reckless acts of its employees. R.C. 2743.02(A)(1) states, in pertinent part:

"The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and * * * except as provided in division (A)(2) of this section. * * *

"Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any officer or employee, as defined in section 109.36 of the Revised Code. The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."

R.C. 2743.02(A)(2) states:

"If a claimant proves in the court of claims that an officer or employee, as defined in section 109.36 of the Revised Code, would have personal liability for his acts or omissions but for the fact that the officer or employee has personal immunity under section 9.86 of the Revised Code, the state shall be held liable in the court of claims in any action that is timely filed pursuant to section 2743.16 of the Revised Code and that is based upon the acts or omissions."

R.C. 9.86 addresses when a state employee is immune from suit and states:

" * * * no officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or

employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."

Appellant reads the provisions above as meaning that if a state employee is not immune from liability because he or she either acted outside the scope of employment or acted recklessly, then only the appellee can be sued and the state is immune. Essentially, appellant's argument is that the statutory provisions contemplate that either the state is liable or the appellee is liable—they cannot both be liable. We do not agree with appellant's interpretation.

Under R.C. 2743.02(A)(1), the state waived its immunity and consented to be sued in accordance with the same rules of law as applied between private parties. Appellant contends that R.C. 2743.02(A)(2) is an exception to R.C. 2743.02(A)(1)'s waiver of immunity. However, it is R.C. 2743.02(A)(1) only that speaks to *immunity,* while R.C. 2743.02(A)(2) addresses *liability.* R.C. 2743.02(A)(2) is simply stating that if a plaintiff proves a state employee is liable but immune, then the state will automatically be held liable for the employee's wrongful act. The plaintiff need not prove anything further than that the employee would otherwise be liable.

█ R.C. 2743.02(A)(1), which addresses the state's waiver of immunity, also states that if a person sues the state in the Court of Claims, that person waives any cause of action he or she has against the employee who committed the act upon which the suit against the state is based. However, if the Court of Claims, pursuant to its exclusive jurisdiction under R.C. 2743.02(F), determines *either* that the employee acted outside the scope of employment *or* in a reckless manner, then the waiver of suit *against the employee* is void. This provision does not say that the state's waiver of immunity is then void. The state may still be sued and held liable under the rules of law applicable to suits between private parties.

█ Obviously, if the employee acted outside the scope of his or her employment, then the state would not be liable because of application of the common-law doctrine of *respondeat superior.* However, the state could be liable if the trial court found that the employee was acting within the scope of employment, even if the wrongful act was reckless. An employee's wrongful act, even if it is unnecessary, unjustified, excessive or improper, does not automatically take the act manifestly outside the scope of employment. *Thomas v. Ohio Dept. of Rehab. & Corr.* (1988), 48 Ohio App.3d 86, 89, 548 N.E.2d 991, 994; *Peppers v. Ohio Dept. of Rehab. & Corr.* (1988), 50 Ohio App.3d 87, 90, 553 N.E.2d 1093, 1095–1096. The act must be so divergent that it severs the employer-employee relationship. *Thomas,* 48 Ohio App.3d at 89, 548 N.E.2d at 994; *Peppers,* 50 Ohio App.3d at 90, 553 N.E.2d at 1095–1096. The trial court here found that the

employee's act was not such that the employer-employee relationship was severed. Therefore, a trial court can properly find that even a reckless act was performed in the course of employment and in furtherance of the employer's interest. Hence, because R.C. 2743.02(A)(1) allows the state to be sued under the same rules of law as applied to private parties, appellant was properly sued and held liable for the reckless act of its employee which was performed within the scope of his employment.

In addition, because R.C. 2743.02(A)(1) allows the waiver of a cause of action against the employee to be void if the employee acted outside the scope of employment or in a reckless manner, and because R.C. 9.86 does not confer immunity upon an employee who so acts, the employee, Turner, can be sued in common pleas court, based upon the same reckless act, performed within the scope of his employment. We note that R.C. 9.86, in addition to the provisions regarding an employee's immunity, also states that R.C. 9.86 "does not affect the liability of the state in an action filed against the state in the court of claims pursuant to Chapter 2743. of the Revised Code." R.C. 2743.02(D) also provides that "[r]ecoveries against the state shall be reduced by the aggregate of insurance proceeds, disability award, or other collateral recovery received by the claimant. * * * "

Appellant has directed our attention to a comment in *Conley v. Shearer* (1992), 64 Ohio St.3d 284, 288, 595 N.E.2d 862, 866, which reads:

" * * * Only after the Court of Claims determines that a state employee acted outside the scope of his or her employment or acted with malicious purpose, in bad faith, or in a wanton or reckless manner may a plaintiff bring an action against the employee in a court of common pleas. *Tschantz v. Ferguson* (1989), 49 Ohio App.3d 9, 12, 550 N.E.2d 544, 547, appeal dismissed (1991), 57 Ohio St.3d 131, 566 N.E.2d 655. If the Court of Claims finds that the employee was acting within the scope of employment and without malice, bad faith, or wantonness or recklessness, then the plaintiff may pursue the action against the state in the Court of Claims."

However, the syllabus to *Conley* reads:

"R.C. 2743.02(F) does not violate the Equal Protection Clauses of the United States and Ohio Constitutions."

The comment in the body of the opinion is clearly dictum and dictum which is inconsistent with the applicable statutes set forth above. We, therefore, do not feel guided by the comment in our present determination.

The Court of Claims, therefore, did not err as a matter of law in holding appellant liable for the reckless acts of its employee which were performed within the scope of his employment. It was also not error for the court to hold that

because the employee acted at least recklessly, he was not immune from suit in common pleas court. Accordingly, appellant's assignment of error is overruled, and the judgment of the Ohio Court of Claims is affirmed.

*Judgment affirmed.*

WHITESIDE and BOWMAN, JJ., concur.