OPINION
{¶ 1} Plaintiff-appellant, Diane L. Oye, appeals from a judgment of the Court of Claims of Ohio, which held that defendant-appellee Jerome Johnson ("Mr. Johnson") is entitled to personal immunity pursuant to R.C. 9.86 and 2743.02(F).
{¶ 2} Appellant alleges that Mr. Johnson, an employee of The Ohio State University ("OSU"), made various inappropriate comments to her while she was employed with the Department of Surgery Corporation ("DOSC"). On April 26, 2001, appellant filed suit in the Franklin County Court of Common Pleas against DOSC, Dr. Christopher Ellison, and Mr. Johnson. With respect to Mr. Johnson, appellant claimed hostile work environment sexual harassment, as well as intentional or reckless infliction of emotional distress. Mr. Johnson claimed immunity under R.C. 9.86. The court of common pleas dismissed Mr. Johnson as a party because, under R.C. 2743.02(F), the court lacked subject matter jurisdiction as to him. Subsequently, appellant filed a complaint against OSU and Mr. Johnson in the Court of Claims seeking a determination that Mr. Johnson is not entitled to immunity pursuant to R.C. 9.86 and2743.02(F). On July 25, 2002, the Court of Claims held a hearing to determine whether Mr. Johnson is entitled to immunity under R.C. 9.86 and2743.02(F). In its October 31, 2002 decision, the Court of Claims stated the following:
Based upon the totality of the evidence, the court finds that Mr. Johnson was an employee of defendant and not DOSC. The court further finds that Mr. Johnson acted within the scope of his employment with defendant and that he did not act with malice, in bad faith, or in a wanton or reckless manner during the interactions regarding plaintiff that are at issue. Although the comments made by Mr. Johnson were certainly boorish and at times noisome, the totality of his misconduct did not rise to the level necessary for this court to determine that the employment relationship had been severed. Consequently, Mr. Johnson is entitled to personal immunity pursuant to R.C. 9.86 and the courts of common pleas do not have jurisdiction over civil actions against him based upon his alleged actions in this case.
Id. at 4.
{¶ 3} Appellant appeals the decision of the Court of Claims and assigns the following errors:
 First Assignment of Error:
The court of claims' judgment that Jerome Johnson is entitled to immunity under R.C. 2743.02(F) and R.C. 9.86 is against the manifest weight of the evidence and contrary to law.
 Second Assignment of Error:
The court of claims may not grant immunity to a state employee unless the determination of immunity leaves the plaintiff with a claim against the state.
{¶ 4} By her first assignment of error, appellant asserts that Mr. Johnson is not entitled to immunity under R.C. 9.86 and 2743.02(F). Whether a state employee is entitled to personal immunity is governed by R.C. 9.86 and 2743.02(F). R.C. 2743.02(F) provides, in pertinent part, as follows:
A civil action against an officer or employee, as defined in section109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action.
R.C. 9.86 provides, in pertinent part, as follows:
* * * [N]o officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.
{¶ 5} The Ohio Supreme Court, in Conley v. Shearer (1992),64 Ohio St.3d 284, discussed the framework for establishing personal immunity for state employees:
If the Court of Claims determines that the employee was acting within the scope of employment, in furtherance of the interests of the state, the state has agreed to accept responsibility for the employee's acts. R.C. 9.86 and 2743.02(A). In that event, only the state is subject to suit, and the litigation must be pursued in the Court of Claims. If the Court of Claims determines that the employee's acts did not further the interests of the state, i.e., the employee was acting outside the scope of his employment, maliciously, in bad faith, or in a wanton or reckless manner, the state has not agreed to accept responsibility for the employee's acts and the employee is personally answerable for his acts in a court of common pleas.
(Emphasis added.) Id. at 287.
{¶ 6} The term "scope of employment" is an elusive concept. In the context of employer vicarious liability, the Ohio Supreme Court, in Posin v. A.B.C. Motor Court Hotel (1976), 45 Ohio St.2d 271, stated:
The term "scope of employment" has never been accurately defined and this court has stated that it cannot be defined because it is a question of fact and each case is sui generis. It has also been stated that the act of an agent is the act of the principal within the course of the employment when the act can fairly and reasonably be deemed to be an ordinary and natural incident or attribute of the service to be rendered, or a natural, direct, and logical result of it.
A servant who departs from his employment to engage in affairs of his own relieves the master from liabilities for his acts.
It is recognized, however, that not every deviation from the strict course of duty is a departure such as will relieve a master of liability for the acts of a servant. The fact that a servant, while performing his duty to his master, incidentally does something for himself or a third person, does not automatically relieve the master from liability for negligence which causes injury to another.
To sever the servant from the scope of his employment, the act complained of must be such a divergence from his regular duties that its very character severs the relationship of master and servant.
(Citations omitted.) Id. at 278.
{¶ 7} Subsequent to the Posin decision, the Ohio Supreme Court noted that "an employer is not liable for independent self-serving acts of his employees which in no way facilitate or promote his business." Byrd v. Faber (1991), 57 Ohio St.3d 56, 59. Implicit in this statement is that such self-serving acts are not within an employee's scope of employment. Given this framework of analysis, we interpret actions "manifestly outside the scope of his employment or official responsibilities," as used in R.C. 9.86, to include actions that bear no relationship to the conduct of the state's business. See Hidey v. Ohio State Hwy. Patrol (Sept. 22, 1998), Franklin App. No. 97API12-1587.
{¶ 8} Federal case law interpreting Title VII of the Civil Rights Act of 1964 is generally applicable to cases involving alleged violations of R.C. Chapter 4112. Zacchaeus v. Mt. Carmel Health System (Feb. 5, 2002), Franklin App. No. 01AP-683. In Burlington Industries v. Ellerth (1998), 524 U.S. 742, 757, 118 S.Ct. 2257, the United States Supreme Court stated that the "general rule is that sexual harassment by a supervisor is not conduct within the scope of employment. * * * The harassing supervisor often acts for personal motives, motives unrelated and even antithetical to the objectives of the employer. * * * There are instances, of course, where a supervisor engages in unlawful discrimination with the purpose, mistaken or otherwise, to serve the employer." We find the reasoning and principles presented in Burlington Industries, with respect to alleged sexual harassment and scope of employment issues, to be highly instructive and insightful.
{¶ 9} Appellee refers to a case from this district which states: "It is only where the acts of state employees are motivated by actual malice or other such reasons giving rise to punitive damages that their conduct may be outside the scope of their state employment." James H. v. Dept. of Mental Health Mental Retardation (1980), 1 Ohio App.3d 60,61. We note that in the James H. case, this court was analyzing immunity provided under R.C. 5123.91,[1] not R.C. 9.86. Determining immunity under R.C. 9.86 requires more than an assessment of malice.
{¶ 10} By the terms of R.C. 9.86, a state employee is not entitled to personal immunity if his "actions were manifestly outside the scope of his employment or official responsibilities," or if he "acted with malicious purpose, in bad faith, or in a wanton or reckless manner." Because of the disjunctive contained within R.C. 9.86, a state employee does not have personal immunity if his "actions were manifestly outside the scope of his employment or official responsibilities," even if he does not act "with malicious purpose, in bad faith, or in a wanton or reckless manner."
{¶ 11} On numerous occasions, this court has determined whether a state employed physician acted manifestly outside the scope of employment in the treatment of a patient. In those cases, the physicians were simultaneously employed by the state and a private employer, and this court considered various factors in determining whether a physician's actions were outside the scope of employment. See Barkan v. The Ohio State Univ. Med. Ctr., Franklin App. No. 02AP-436, 2003-Ohio-985, ¶ 12 ("Although these cases identify and discuss a variety of different factors relevant to an immunity determination, the key factor in this determination is whether the patient was essentially the doctor's private patient or whether the doctor treated the patient in his or her capacity as an attending physician supervising residents."); Ferguson v. The Ohio State Univ. Med. Ctr. (June 22, 1999), Franklin App. No. 98AP-863 (providing a list of 15 factors this court has considered in determining whether a physician saw a patient in his capacity as a state employee or whether he saw the patient as a private patient); Kaiser v. The Ohio State Univ., Franklin App. No. 02AP-316, 2002-Ohio-6030; Scarberry v. The Ohio State Univ. Hospitals (Dec. 3, 1998), Franklin App. No. 98AP-143. These cases clearly indicate that an R.C. 9.86 immunity analysis requires more than merely determining whether a state employee is "motivated by actual malice or other such reasons giving rise to punitive damages."
{¶ 12} Appellant alleged in her testimony at the immunity hearing that Mr. Johnson, during the course of his working relationship with appellant, made various inappropriate comments, such as calling appellant a "worthless slut" or "ignorant slut," referring to appellant as a "pushy bitch," stating that appellant should stay at home like his wife, and referring to another woman as a "dirty leg" and another as a "New Albany rich bitch." The Court of Claims' statement that "the comments made by Mr. Johnson were certainly boorish and at times noisome," indicates that the court, at least generally, viewed appellant's allegations of inappropriate comments as credible.
{¶ 13} Upon our review of the record, we hold that the trial court's finding that "Mr. Johnson did not act with malice, in bad faith, or in a wanton or reckless manner during the interactions regarding plaintiff that are at issue" is not against the manifest weight of the evidence. We note, however, that even though the trial court found that Mr. Johnson did not act with malice, bad faith, or in a wanton or reckless manner, he is not personally immune if his acts were manifestly outside the scope of his employment. See R.C. 9.86.
{¶ 14} In Hidey, supra, this court stated, "[o]nly where reasonable minds find that an act has no relationship to the conduct of the employer's business may it be found as a matter of law that the employee was not acting within the scope of his authority." We find that, as a matter of law, Mr. Johnson was acting manifestly outside the scope of his employment with OSU. Appellant has asserted claims arising out of inappropriate comments that Mr. Johnson made while appellant was working for DOSC. There is nothing in the record to indicate that Mr. Johnson's aforementioned inappropriate comments further the interests of the state, and reasonable minds could only conclude that these actions bore no relationship to the conduct of the state's business.[2] Thus, Mr. Johnson is not personally immune from appellant's claims that arise from his inappropriate conduct. Accordingly, we sustain appellant's first assignment of error.
{¶ 15} By her second assignment of error, appellant asserts that immunity may not be granted to a state employee unless the plaintiff is left with a claim against the state. Our disposition of appellant's first assignment of error renders her second assignment of error moot, and we decline to address it. See App.R. 12(A)(1)(c).
{¶ 16} For the foregoing reasons, appellant's first assignment of error is sustained, and appellant's second assignment of error is moot. Accordingly, the judgment of the Court of Claims of Ohio is reversed, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and cause remanded.
Brown and Watson, JJ., concur.
[1] R.C. 5123.91 states as follows:
All persons who are not subject to any criminal provisions and who act reasonably and in good faith, either upon actual knowledge or upon information reasonably thought by them to be reliable, shall be free from any liability to a person institutionalized in institutions for the mentally retarded or to any other person in their procedural or physical assistance administered in the course of the institutionalization or discharge of a person pursuant to the provisions of this chapter.
[2] It should be noted that we make no determination as to whether the alleged conduct of Mr. Johnson rises to the level of sexual harassment or intentional or reckless infliction of emotional distress under Ohio law. Our analysis is limited to determining whether Mr. Johnson is entitled to immunity under R.C. 9.86.