[Cite as *Moorer v. Trumbull Correctional Inst.*, 2009-Ohio-7177.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARCUS BRANDON MOORER

     Plaintiff

     v.

TRUMBULL CORRECTIONAL INSTITUTION

     Defendant

     Case No. 2009-05633-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} On October 1, 2008, plaintiff, Marcus Brandon Moorer, an inmate incarcerated at defendant, Trumbull Correctional Institution (TCI), was transferred from his housing range on the local control segregation unit to a psychiatric observation cell along with other inmates from local control. According to plaintiff, a TCI employee, identified as Officer Black, was assigned to pack the personal property of inmates who had been transferred from the local control range. Plaintiff contended Officer Black entered his cell on the TCI local control range and instead of packing the property left there, intentionally discarded all his personal property into a trash can. Plaintiff related Officer Black "has a history of such unprofessional conduct." Plaintiff claimed his legal material, personal books, Quran, address book, family photographs, and recently purchased commissary items were thrown away by Officer Black. Plaintiff asserted the discarded property items were never recovered and he maintained defendant should bear responsibility for the loss of the property that he alleged was intentionally discarded. Plaintiff filed this complaint seeking to recover $515.00, the stated replacement value of the alleged discarded property. Payment of the filing fee was

waived.

{¶ 2} Plaintiff submitted an affidavit from a fellow inmate, Abdul Bari, who was housed in the same TCI local control range as plaintiff and witnessed events on the range on October 1, 2008. Bari stated, "I observed CO Black and CO Klatka (sp?) come down the LC range with a trash container and enter several of the cells of the individuals who were moved to the strip cells, enter their cells and throw their belongings from their cells into the trash container." Bari recalled he observed property being discarded from plaintiff's cell. Bari further recalled he had witnessed on prior occasions "CO Black enter cells on the LC Unit to 'shake down' those prisoners he may have had words with, and trash all of their property." Bari noted he heard CO Black on October 1, 2008 "laughing and making a joke" in reference to the intentional discarding of property from cells on the TCI local control range. Bari stated he "had personally spoken to Administrative Assistant, Ms. Ware, on her rounds through the LC Unit, and explained to her what I had observed with regards to the actions of CO Black."

{¶ 3} Defendant specifically denied Officer Black was directed to throw away plaintiff's property on October 1, 2008. Defendant explained Officer Black's supervisor, TCI employee Captain Franklin, denied "ordering the officer to destroy plaintiff's property." Defendant pointed out that plaintiff claimed his property was intentionally destroyed by Officer Black and consequently, TCI may generally not bear liability based on the intentional acts of an employee acting outside the scope of his authority. See *Flourney v. Dept. of Rehabilitation and Correction* (1987), 84-09365-AD.

{¶ 4} Alternatively, defendant contended plaintiff failed to offer evidence to prove he actually owned the claimed discarded property. Defendant submitted a copy of plaintiff's property record dated July 3, 2008 incident to plaintiff being placed in a security control unit. Property items listed on this record relevant to the instant action include books and papers. No religious book, address book and photographs are listed. The record bears plaintiff's signature acknowledging it as a "complete and accurate inventory of all" his personal property. This record bears plaintiff's signature dated November 3, 2008 acknowledging he received all the items listed. Defendant's submitted records show plaintiff purchased items from the TCI commissary on July 18, 2008, August 20, 2008 and September 17, 2008.

{¶ 5} Plaintiff filed a response insisting his books, photographs, Quran, address

book, legal documents, and personal hygiene articles were in his possession in his cell and not in the TCI segregation vault on October 1, 2008. Plaintiff explained defendant's internal regulations permit inmates who are housed in segregation "Special Management Housing Unit" to possess the above mentioned items along with other personal property. Plaintiff reasserted Officer Black discarded personal property from his cell. Plaintiff submitted a written statement from a fellow inmate, Ingram #461-205, who noted "Officer Black threatened to destroy my personal property the same way he did Inmate Moorer's." Ingram expressed the opinion "Officer Black acts discriminately towards Muslim inmates."

{¶ 6} Plaintiff and his fellow inmates have contended defendant's employee, Officer Black, engaged in an intentional act when he allegedly discarded plaintiff's property on October 1, 2008. Defendant has contended the acts alleged on the part of Officer Black if proven would constitute an intentional act outside the scope of employment and consequently no responsibility for these intentional acts would rest with TCI. In the context to determine if TCI should bear responsibility for an employee's wrongful act, a finding must be made, based on the facts presented, whether or not the injury causing act was manifestly outside the course and scope of employment. *Elliott v. Ohio Dept. of Rehab. & Corr.* (1994), 92 Ohio App. 3d 772, 775, 637 N.E. 2d 106; *Thomas v. Ohio Dept. of Rehab. & Corr.* (1988), 48 Ohio App. 3d 86, 89, 548 N.E. 2d 991; and *Peppers v. Ohio Dept. of Rehab. & Corr.* (1988), 50 Ohio App. 3d 87, 90, 553 N.E. 2d 1093. It is only where the acts of state employees are motivated by actual malice or other such reasons giving rise to punitive damages that their conduct may be outside the scope of their state employment. *James H. v. Dept. of Mental Health and Mental Retardation* (1980), 1 Ohio App. 3d 60, 61, 1 OBR 6, 439 N.E. 2d 437. The act must be so divergent that it severs the employer-employee relationship. *Elliott*, at 775 citing *Thomas*, at 89, and *Peppers,* at 90.

{¶ 7} Malicious purpose encompasses exercising "malice," which can be defined as the willful and intentional design to do injury, or the intention to desire to harm another, usually seriously, through conduct that is unlawful or unjustified. *Jackson v. Butler Cty. Bd. of Cty. Commrs.* (1991), 76 Ohio App. 3d 448, 453-454, 602 N.E. 2d 363, citing *Teramano v. Teramano* (1966), 6 Ohio St. 2d 117, 118, 35 O.O. 2d 144, 216 N.E. 2d 375; and *Bush v. Kelly's Inc.* (1969), 18 Ohio St. 2d 89, 47 O.O. 2d 238, 247

N.E. 2d 745.

{¶ 8} The Supreme Court of Ohio has established that an employer is liable for the tortious conduct of its employee only if the conduct is committed within the scope of employment and if the tort is intentional, the conduct giving rise to the tort must facilitate or promote the business of which the employee was engaged. *Byrd v. Faber* (1991), 57 Ohio St. 3d 56, 565 N.E. 2d 584, citing *Little Miami RR. Co. v. Wetmore* (1869), 19 Ohio St. 110, and *Taylor v. Doctors Hosp.* (1985), 21 Ohio App. 3d 154, 21 OBR 165, 486 N.E. 2d 249.

{¶ 9} Further, an intentional and willful tort committed by an employee for his own purposes constitutes a departure from the employment, so that the employer is not responsible. *Szydlowski v. Ohio Dept. of Rehab. & Corr.* (1992), 79 Ohio App. 3d 303, 607 N.E. 2d 103, citing *Vrabel v. Acri* (1952), 156 Ohio St. 467, 46 O.O. 387, 103 N.E. 2d 564. The facts of this case, taken in the context of the situation, would constitute an intentional tort committed by defendant's employee performed for his own personal purpose. Following this rationale, plaintiff cannot maintain a cause of action against defendant for the intentional malicious act of its employee.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARCUS BRANDON MOORER

Plaintiff

v.

TRUMBULL CORRECTIONAL INSTITUTION

Defendant

Case No. 2009-05633-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION


Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.


_____
DANIEL R. BORCHERT
Deputy Clerk


Entry cc:


Marcus Brandon Moorer, #405-528
5701 Burnett Road
Leavittsburg, Ohio  44430

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222


RDK/laa
10/29
Filed 12/2/09
Sent to S.C. reporter 3/18/10