[Cite as *Brown v. Lebanon Correctional Inst.*, 2010-Ohio-4024.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JEFFREY A. BROWN, SR.

    Plaintiff

    v.

LEBANON CORRECTIONAL INST.

    Defendant

    Case No. 2009-06915-AD

Clerk Miles C. Durfey

<u>MEMORANDUM DECISION</u>

FINDINGS OF FACT

{¶ 1}  1)  Plaintiff, Jeffrey A. Brown, an inmate who was formerly incarcerated at defendant, Lebanon Correctional Institution (LeCI), filed this action alleging that his personal property was either damaged, stolen, discarded, or lost as a proximate cause of negligence on the part of LeCI staff.  Initially, plaintiff claimed that on or about August 19, 2008, his television set was broken by another inmate who gained access to his cell from his cellmate.  Plaintiff explained that he, his cellmate, and the inmate who damaged his television set, were all transferred to segregation pending an investigation of the destruction of the television set.  Plaintiff noted that when he was transferred to segregation, LeCI personnel intentionally discarded his legal papers and other property. Plaintiff recalled that he was permitted to return to his cell later in the day on August 19, 2008 to retrieve his property left there and discovered that his blue sweat shirt and chess set were missing.  Additionally, plaintiff asserted that other property items were either discarded or lost incident to his transfer to segregation.  According to plaintiff, the additional missing property included two packs of batteries, one sewing kit, three

toothbrushes, three t-shirts, one deodorant, one cocoa butter lotion, one Bible, one brown concordance, cassette tapes, three bars of soap, one mirror, two television antennas, and one blanket.  Plaintiff seeks damage recovery in the amount of $804.50, the stated replacement value of his alleged missing and damaged property.  Payment of the filing fee was waived.

{¶ 2}  2)    Defendant denied liability in this matter contending that plaintiff failed to produce evidence to establish "that the destruction of his television was due to the negligence of Defendant."   Also, defendant asserted that plaintiff "has provided no evidence that Defendant wrongfully destroyed legal materials."   Defendant did not address plaintiff's claim concerning the loss of additional property listed in his complaint. Defendant explained that plaintiff was transferred to segregation on August 19, 2008 "because he pulled a weapon out on an inmate who had intentionally broken his television."  According to submitted records, plaintiff's property was packed on August 20, 2008 by LeCI staff and plaintiff's printed signature appears on the "Inmate Property Record" acknowledging this record as a "complete and accurate inventory" of all his personal property.  None of the property items claimed by plaintiff appear on the August 20, 2008 "Inmate Property Record."   Defendant maintained that plaintiff did not complain about discarded legal materials or other missing property at the time his property was packed.  Defendant acknowledged that some of plaintiff's property was discarded by LeCI staff at the time that the items were packed on August 20, 2008. Defendant submitted a written statement from LeCI employee, Sgt. K. Boothe, who assisted in the inventory of plaintiff's property along with discarding some items.  Boothe noted that plaintiff was present at the time of the pack-up and "[n]o personal property was discarded with out the approval of Inmate Brown and an authorization to dispose of personal property DRC 4219 was signed by Inmate Brown."  Defendant did not provide a copy of the signed authorization (DRC 4219).   Defendant related that plaintiff's property items were discarded due to the fact that he possessed property in excess of the volume possession limits set by internal regulations.  Defendant argued that plaintiff has failed to prove his television set was damaged as a proximate cause of negligence on the part of LeCI personnel and that he has failed to prove any of his property was discarded without proper authority.

{¶ 3}  3)    Plaintiff filed a response insisting that he did not authorize the

destruction of his legal materials or other property items. Furthermore, plaintiff contended that defendant should bear liability for the destruction of his television set by failing to provide adequate protection for his property. Plaintiff maintained that the LeCI personnel responsible for packing his property on August 20, 2008 ignored his request to not discard his legal papers and instead escorted him to an isolation unit so he "could no longer be present with the pack up of my property." Plaintiff claimed that his property was thrown away by LeCI personnel as an act of retaliation against him. Also, plaintiff claimed that defendant supplied fraudulent documentation to support assertions that plaintiff authorized the destruction of his property.

CONCLUSIONS OF LAW

{¶ 4} 1) Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 5} 2) This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 6} 3) Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 7} 4) Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 8} 5) Defendant is not responsible for actions of other inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD; *Melson v. Ohio Department of Rehabilitation and Correction* (2003), Ct. of Cl. No. 2003-04236-AD, 2003-Ohio-3615; *Jenkins v. Richland Correctional Inst.*, Ct. of Cl. No. 2003-01768, 2003-Ohio-4483.

{¶ 9} 6) In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owned him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company,*

*Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 10} 7)  "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided . . . by the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333, 798 N.E. 2d 1121, ¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 11} 8)  Ohio law imposes a duty of reasonable care upon the state to provide for its prisoners' health, care, and well-being.  *Clemets v. Heston* (1985), 20 Ohio App. 3d 132, 136, 20 OBR 166, 485 N.E. 2d 287.  Reasonable or ordinary care is that degree of caution and foresight which an ordinarily prudent person would employ in similar circumstances.  *Smith v. United Properties, Inc.* (1965), 2 Ohio St.2d 310, 31 O.O. 2d 573, 209 N.E. 2d 142.

{¶ 12} 9)  Plaintiff has failed to show any causal connection between the damages to his television set and any breach of a duty owed by defendant in regard to protecting inmate property.  *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD; *Tomblin v. London Correctional Inst.*, Ct. of Cl. No. 2005-03431-AD, 2005-Ohio-4859; *Madden v. Lebanon Correctional Inst.*, Ct. of Cl. No. 2006-06116-AD-AD; jud, 2007-Ohio-1928; *Tolbert v. Lebanon Correctional Inst.*, Ct. of Cl. No. 2007-06942-AD, 2008-Ohio-5152.

{¶ 13} 10)  Plaintiff has failed to prove, by a preponderance of the evidence, that any of his property was lost or stolen as a proximate result of any negligent conduct attributable to defendant.  *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.  *Hall v. London Correctional Inst.*, Ct. of Cl. No. 2008-04803-AD, 2008-Ohio-7088.

{¶ 14} 10)  The allegation that a theft may have occurred is insufficient to show defendant's negligence.  *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1986), 84-02425.  Plaintiff must show defendant breached a duty of ordinary or reasonable care.  *Williams*.

{¶ 15} 11)  It has been previously held, an inmate plaintiff may recover the value of confiscated property destroyed by agents of defendant when those agents acted without authority or right to carry out the property destruction.  *Berg v. Belmont*

*Correctional Institution* (1998), 97-09261-AD. However, plaintiff must prove defendant's personnel acted without any authorization.

{¶ 16} 12) The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court finds plaintiff's assertions not particularly persuasive in regard to the fact he did not authorize the destruction of his legal material and other property.

{¶ 17} 13) Assuming defendant's staff acted maliciously and without authority in discarding plaintiff's property, such actions would be manifestly outside the course and scope of employment. It is only where the acts of state employees are motivated by actual malice or other such reasons giving rise to punitive damages that their conduct may be outside the scope of their state employment. *James H. v. Dept. of Mental Health and Mental Retardation* (1980), 1 Ohio App. 3d 60, 61, 1 OBR 6, 439 N.E. 2d 437. The act must be so divergent that it severs the employer-employee relationship. *Elliott v. Ohio Dept. of Rehab. & Corr.* (1994), 92 Ohio App. 3d 772, 775, 637 N.E. 2d 106, citing *Thomas v. Ohio Dept. of Rehab. & Corr.* (1988), 48 Ohio App. 3d 86, 89, 548 N.E. 2d 991, and *Peppers v. Ohio Dept. of Rehab. & Corr.* (1988), 50 Ohio App. 3d 87, 90, 533 N.E. 2d 1093.

{¶ 18} 14) Malicious purpose encompasses exercising "malice," which can be defined as the willful and intentional design to do injury, or the intention to desire to harm another, usually seriously, through conduct that is unlawful or unjustified. *Jackson v. Butler Cty. Bd. of Cty. Commrs.* (1991), 76 Ohio App. 3d 448, 453-454, 602 N.E. 2d 363, citing *Teramano v. Teramano* (1966), 6 Ohio St. 2d 117, 118, 35 O.O. 2d 144, 216 N.E. 2d 375; and *Bush v. Kelly's Inc.* (1969), 18 Ohio St. 2d 89, 47 O.O. 2d 238, 247 N.E. 2d 745.

{¶ 19} 15) The Supreme Court of Ohio has established that an employer is liable for the tortious conduct of its employee only if the conduct is committed within the scope of employment and if the tort is intentional, the conduct giving rise to the tort must facilitate or promote the business of which the employee was engaged. *Byrd v. Faber* (1991), 57 Ohio St. 3d 56, 565 N.E. 2d 584, citing *Little Miami RR. Co. v. Wetmore*

(1869), 19 Ohio St. 110, and *Taylor v. Doctors Hosp.* (1985), 21 Ohio App. 3d 154, 21 OBR 165, 486 N.E. 2d 249.

**{¶ 20}** 16)  Further, an intentional and willful tort committed by an employee for his own purposes constitutes a departure from the employment, so that the employer is not responsible.  *Szydlowski v. Ohio Dept. of Rehab. & Corr.* (1992), 79 Ohio App. 3d 303, 607 N.E. 2d 103, citing *Vrabel v. Acri* (1952), 156 Ohio St. 467, 46 O.O. 387, 103 N.E. 2d 564.  The facts of this case, taken as plaintiff asserted, would constitute an intentional tort committed by defendant's employees performed for their own personal purpose.  Following this rationale, plaintiff cannot maintain a cause of action against defendant for the intentional malicious act of its employees.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JEFFREY A. BROWN, SR.

     Plaintiff

     v.

LEBANON CORRECTIONAL INST.

     Defendant

     Case No. 2009-06915-AD

Clerk Miles C. Durfey

<ins>ENTRY OF ADMINISTRATIVE DETERMINATION</ins>

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor

of defendant.  Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Jeffrey A. Brown, Sr., #477-552
P.O. Box 788
Mansfield, Ohio  44901

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

RDK/laa
3/17
Filed 4/23/10
Sent to S.C. reporter 8/26/10