[Cite as *Brooks v. Ohio Dept. of Rehab. & Corr.*, 2012-Ohio-5277.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ULIOUS BROOKS

    Plaintiff

    v.

OHIO DEPT. OF REHABILITATION AND CORRECTIONS

    Defendant

    Case No. 2012-04111-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF DISMISSAL

{¶1} On May 21, 2012, plaintiff, Ulious Brooks, filed a complaint against defendant, Sergeant McCroskey, defendant's correctional officer. On May 22, 2012, this court issued a pre-screening entry dismissing Sergeant McCroskey as defendant and requiring the plaintiff to file an amended complaint naming a state entity as a party defendant. Plaintiff was also required to submit either the $25 filing fee or a poverty statement.

{¶2} On May 25, 2012, plaintiff filed an amended complaint. Plaintiff alleges that on or about April 16, 2012, his radio and headphones were stolen by Corrections Officer Mullins. Plaintiff asserted that when he notified Sergeant McCroskey concerning the theft, Sergeant McCroskey stole his CD player, altered it, wrongfully wrote him up for a contraband violation, forged his signature on the conduct report and destroyed his CD player without the benefit of a due process hearing.

{¶3} On June 5, 2012, this court issued an entry again dismissing Sergeant McCroskey as defendant and finding plaintiff's poverty statement valid for the purpose

of waiving the filing fee only.

{¶4}   On or about June 13, 2012, defendant was served with plaintiff's complaint.  On August 21, 2012, this court issued an entry ordering the defendant to submit the investigation report within 14 days of this entry.

{¶5}   On August 20, 2012, plaintiff filed a motion for sanctions based on the defendant's failure to timely file the investigation report.  Only a judge of the Court of Claims has the authority to issue sanctions against a party.  Accordingly, plaintiff's motion is DENIED as the Deputy Clerk does not possess such power.

{¶6}   On August 20, 2012, plaintiff filed motions for summary judgment and default judgment.

{¶7}   Civ.R. 56(C) states, in part, as follows:

{¶8}   "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law.  No evidence or stipulation may be considered except as stated in this rule.  A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence to stipulation construed most strongly in the party's favor."  See *Gilbert v. Summit Cty.*, 104 Ohio St. 3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.*, 50 Ohio St. 2d 317, 364 N.E. 2d 267 (1977).

{¶9}   Plaintiff asserts that summary judgment should be granted in his favor based on the defendant's failure to timely submit the investigation report.  However, defendant's investigation report was timely submitted pursuant to this court's order of May 25, 2011.  A summary judgment against the defendant may not solely be granted

based on procedural errors committed by the defendant. A review of the plaintiff's pleadings and attachments reveals that there is no genuine issue as to a material fact and the plaintiff is not granted judgment as a matter of law.

{¶10} Civ.R. 55(D) in pertinent part states:

{¶11} "No judgment by default shall be entered against this state . . . or agency . . . unless the claimant establishes his claim by a preponderance of the evidence. Default judgment may not be granted against the state based solely on procedural errors made by the defendant. *Dearing v. Ohio Department of Rehabilitation and Correction*, 2011-09560-AD (2011).

{¶12} On September 7, 2012, defendant filed a motion for extension of time due to staffing difficulties. On September 11, 2012 and October 24, 2012, plaintiff again filed motions for default judgment based on the defendant's failure to timely file the investigation report.

{¶13} After a review of plaintiff's pleadings, plaintiff contends that C/O Mullins and C/O McCroskey engaged in intentional conduct. Plaintiff asserts C/O Mullins stole his radio and headphones, while C/O McCroskey stole his CD player, altered it, forged a conduct report, and had his CD player unlawfully destroyed. In the context to determine if defendant should bear responsibility for an employee's wrongful act, a finding must be made, based on the facts presented, whether or not the injury causing act was manifestly outside the course and scope of employment. *Elliott v. Ohio Dept. of Rehab. & Corr.*, 92 Ohio App. 3d 772, 775, 637 N.E. 2d 106 (10th Dist. 1994); *Thomas v. Ohio Dept. of Rehab. & Corr.*, 48 Ohio App. 3d 86, 89, 548 N.E. 2d 991 (10th Dist. 1988); and *Peppers v. Ohio Dept. of Rehab. & Corr.*, 50 Ohio App. 3d 87, 90, 553 N.E. 2d 1093 (10th Dist. 1988). It is only where the acts of state employees are motivated by actual malice or other such reasons giving rise to punitive damages that their conduct may be outside the scope of their state employment. *James H. v. Dept. of Mental Health and Mental Retardation*, 1 Ohio App. 3d 60, 61, 439 N.E. 2d 437 (10th Dist. 1980). The act must be so divergent that it severs the employer-employee relationship. *Elliott*, at 775

citing *Thomas*, at 89, and *Peppers*, at 90.

{¶14} Malicious purpose encompasses exercising "malice," which can be defined as the willful and intentional design to do injury, or the intention or desire to harm another, usually seriously, through conduct that is unlawful or unjustified. *Jackson v. Butler Cty. Bd. of Cty. Commrs.*, 76 Ohio App. 3d 448, 453-454, 602 N.E. 2d 663 (12th Dist. 1991); citing *Teramano v. Teramano*, 6 Ohio St. 2d 117, 118, 216 N.E. 2d 375 (1966); and *Bush v. Kelly's Inc.*, 18 Ohio St. 89, 217 N.E. 2d 745 (1969).

{¶15} The Supreme Court of Ohio has established that an employer is liable for the tortious conduct of its employee only if the conduct is committed within the scope of employment and if the tort is intentional, the conduct giving rise to the tort must facilitate or promote the business of which the employee was engaged. *Byrd v. Faber*, 57 Ohio St. 3d 56, 565 N.E. 2d 584 (1991), citing *Little Miami RR. Co. v. Wetmore*, 19 Ohio St. 110 (1869), and *Taylor v. Doctors Hosp.*, 21 Ohio App. 3d 154, 486 N.E. 2d 249 (10th Dist. 1985).

{¶16} Further, an intentional and willful tort committed by an employee for his own purposes constitutes a departure from the employment, so that the employer is not responsible. *Szydlowski v. Ohio Dept. of Rehab. & Corr.*, 79 Ohio App. 3d 303, 607 N.E. 2d 103 (10th Dist. 1992), citing *Vrabel v. Acri*, 156 Ohio St. 467, 103 N.E. 2d 564 (1952). The facts of this case, taken as plaintiff asserted, would constitute an intentional tort committed by defendant's employee performed for his own personal purpose. Following this rationale, plaintiff cannot maintain a cause of action against defendant for the intentional malicious act of its employee.

{¶17} Civ.R. 12(H)(3) states:

{¶18} "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction on the subject matter, the court shall dismiss the action.

{¶19} Based on plaintiff's pleadings which assert the sole cause of his property loss was defendant's employees and since theft and forgery are actions beyond the

scope of the employees employment, defendant as a matter of law is not responsible for the criminal actions of its employees.   Therefore, plaintiff's complaint is DISMISSED. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk


Entry cc:


Ulious Brooks #453-172                    Trevor Clark
1724 State Route 728                       Department of Rehabilitation
Lucasville, Ohio  45699                    770 West Broad Street
                                                      Columbus, Ohio  43222

DRB/laa
Filed 11/2/12
sent to S.C. Reporter 11/14/12